**TODD SHIPYARDS CORPORATION and The Travelers Insurance Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and Forest T. Hilton, Respondents.**

**Forest T. HILTON, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

Nos. 75–1251, 75–1828.

United States Court of Appeals, Ninth Circuit.

Oct. 15, 1976.

---

**1178**

Robert H. Madden (argued), of Howard, LeGros, Buchanan & Paul, Seattle, Wash., for petitioners in 75–1251.

Robert C. Nickels (argued), Seattle, Wash., for petitioner in 75–1828.

Harry L. Sheinfeld, Atty. (argued), of U. S. Dept. of Labor, Washington, D. C., for respondents in 75–1251.

Robert H. Madden (argued), Seattle, Wash., for respondent in 75–1828.

Before WRIGHT and ANDERSON, Circuit Judges, and WOLLENBERG,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

These consolidated cases are petitions for review of an order of The Benefits Review Board, United States Department of Labor, affirming a compensation order issued by Edwin S. Bernstein, Administrative Law Judge, United States Department of Labor, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 33 U.S.C.A. 901, *et seq.*

In his order, the Administrative Law Judge found that the claimant, Forest T.

Hilton, hereinafter "claimant," was permanently disabled as a result of a respiratory disease arising out of and in the course of employment with Todd Shipyards Corporation, hereinafter "employer." The Administrative Law Judge determined the amount of benefits to be awarded based on a finding that claimant's average weekly wage was his actual earnings for the year immediately preceding his injury, as shown by his W–2 form, divided by 52 weeks. He also ordered employer to pay an attorney's fee of $2,150.00 to Maurice Kadish, attorney of record for claimant. This fee was to include remuneration to Mr. Larry Meyers, a nonlawyer who acted as claimant's "representative."

Claimant contests the weekly wage as being inadequate and employer contests the award of attorney fees as being improper as a matter of law.

We affirm the findings of the Administrative Law Judge and The Benefits Review Board as to the award of the weekly wage. However, we remand the award of the attorney fees for reconsideration.

Jurisdiction rests on 33 U.S.C. 921(c).

## I. AWARD OF WEEKLY WAGE

The Administrative Law Judge found that the claimant's average weekly wage was $174.36 and The Benefits Review Board found the record supported such a determination.

The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 921(b)(3), as amended October 27, 1972, provides that:

"The Board's orders shall be based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole."

On appeal here these findings will not be disturbed unless it can be shown that they are unsupported by substantial evidence *Banks v. Chicago Grain Trimmers Ass'n,*

---

* The Honorable Albert Charles Wollenberg, Senior United States District Judge for the Northern District of California, sitting by designation.

390 U.S. 459, 467, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968), *Walker v. Rothschild Intern. Stevedoring Co.,* 526 F.2d 1137, 1138 (9th Cir. 1975), or that they are not in accord with the law, *Cardillo v. Liberty Mut. Ins. Co.,* 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947), or that they are irrational, *O'Keefe v. Smith, Hinchman & Grylls Associates,* 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965).

The question here is whether there is "substantial evidence" to justify the award of $174.36. We find there is.

The only evidence admitted by the Administrative Law Judge relevant to the determination of wages was a W–2 form of the claimant's which set out his gross wages for the previous year as $9,066.72. Both the claimant and his representative at the proceedings agreed that this was a correct figure for W–2 gross wages. Claimant himself agreed that this figure for one year's wages was "reasonable."

■ From this W–2 figure the Administrative Law Judge then computed the average weekly wage by dividing the yearly figure by 52 as provided under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 910(c) and (d). A question arises as to whether the Administrative Law Judge correctly used 910(c) and (d) instead of the computation methods under 910(a) or 910(b) which compute out the average weekly wage based on a differing formula using an average daily wage. The rule is that 910(c) is to be employed ". . . whenever (a) or (b) cannot reasonably and fairly be applied." *Marshall v. Andrew F. Mahoney Co.,* 56 F.2d 74, 78 (9th Cir. 1932).

■ The Administrative Law Judge correctly applied the computation formula in 910(c) and (d). There was no fair or reasonable way to apply the "daily wage" formulas of 910(a) or 910(b) because no evidence was introduced which could clearly determine the claimant's average daily wage. Therefore, the only competent evidence the Administrative Law Judge could use was the yearly wage and 910(c) and (d) are the sections which reduce this figure to the average weekly wage.

■ Claimant contends that the award of $174.36 was inadequate and instead should have been $243.00 per week. The burden is on the claimant in this case to show that there was no substantial evidence to support the compensation order complained of here. *Southern Stevedoring Co. v. Henderson,* 175 F.2d 863 (5th Cir. 1949). Claimant has shown no evidence on the record which would contradict the finding of the Administrative Law Judge. Claimant argues that certain evidence was submitted to the Administrative Law Judge, but that it was excluded from evidence and ignored by the judge in making his decision as to the weekly wage. Not only was the evidence submitted ex parte with no notice to opposing counsel, but it was submitted untimely as well. The Administrative Law Judge correctly exercised his discretion and excluded the evidence.

The Administrative Law Judge's determination of the average weekly wage was based upon substantial evidence, was rational, and was in accordance with law. Therefore, we affirm this decision.

## II. AWARD OF ATTORNEY FEES

To determine the award of attorney fees, the Administrative Law Judge requested the attorney of record, Maurice Kadish, to submit a fee application stating time and effort spent on the case. He also requested that Mr. Kadish serve a copy of this fee application upon counsel for the employer. This application was never served. The first notice that employer's counsel received regarding the award of attorney fees was the actual order which required that employer pay $2,150.00 in attorney fees. This fee was computed by taking the number of hours worked and multiplying this figure times $45.00, the "customary fee" of Mr. Kadish's office. In his order the Administrative Law Judge indicated that this attorney fee to Mr. Kadish included payment to the nonlawyer, Larry Meyers, who was acting throughout the proceedings as claimant's lay "representative."

We find that two problem areas exist in regard to this award of attorney fees. The

first is lack of notice to opposing counsel of the fee application claiming attorney fees. The second is the possible award of attorney fees at attorney rates to a lay representative.

### A. NOTICE

Claimant contends that under the Longshoremen's Act there is no requirement that the opposing counsel be given notice of the claim for attorney fees. The Benefits Review Board agreed and found that the regulations under the Longshoremen's Act do not require notice or that opposing counsel be consulted before fixing the amount of attorney fees to be awarded.

This is a correct statement of the law *before* the 1972 amendments to the Longshoremen's Act. Before 1972 the award of attorney fees came out of the claimant's compensation award and was not a separate liability for the employer. Therefore, the employer's only interest would be in the actual award of compensation to the claimant. Once this amount was settled, the employer had no further interest in the award. Any award of attorney fees then was a matter solely between the claimant and his attorney and could not increase the employer's liability. *Associated Indemnity Corporation v. Marshall,* 71 F.2d 235 (9th Cir. 1934).

After 1972, however, awards of attorney fees in cases such as this are a separate liability of the employer and are paid directly from the employer to the attorney. No longer are they merely a part of the claimant's award. See 33 U.S.C. 928 and the regulations thereunder, 20 C.F.R. 702.-131-134.

We also disagree with The Benefit Review Board's reading of the statutes that no notice is required.

Section 19 of the Longshoremen's Act [33 U.S.C. 919], as amended October 27, 1972, governs the procedures under the Act. This section provides:

"(d) Notwithstanding any other provisions of this Act [33 U.S.C. §§ 901–950], any hearing held under this Act [33 U.S.C. §§ 901–950] shall be conducted in accordance with the provisions of Section 554 of Title 5 of the United States Code . . . ."

The pertinent portions of 5 U.S.C. 554 (Administrative Procedure Act) provide that:

"(b) Persons entitled to notice of an agency hearing shall be timely informed of—

(1) the time, place, and nature of the hearing;

.    .    .    .    .

(3) the matters of fact or law asserted." "When private persons are the moving parties, other parties to the proceeding shall give prompt notice of issues controverted in fact or law   . . . ."

"(c) The agency shall give all interested parties opportunity for—

(1) the submission and consideration of facts, arguments, offers of settlement, and proposals of adjustment   . . .

(2) to the extent that the parties are unable so to determine a controversy by consent, hearing and decision on notice and in accordance with Sections 556 [1] and 557 of this title.

(d) .   .   . Except to the extent required for the disposition of ex parte matters as authorized by law, such an employee [who presides at the reception of evidence—here the administrative law judge] may not—

(1) consult a person or party on a fact in issue, *unless on notice and opportunity for all parties to participate;* . . . ." (emphasis added)

■ Because this award of attorney's fees is a separate liability, employer here is an interested party. Due process requires that employer be given notice and opportunity to be heard at a reasonable time and a reasonable manner. *Goldberg v. Kelly,* 397

---

1. [5 U.S.C. 556 provides that "(d)   .   .   . A party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts   . . . ."

U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

These constitutional due process requirements of notice and hearing in relation to attorney fees were recently recognized by The Benefit Review Board in *Green v. Atlantic Container Lines, Ltd.*, BRB Decision No. 75–174 (November 5, 1975). In this decision the Board held:

"... that although no provision for notice to the other parties is specifically provided for by Section 702.132, 20 C.F.R. § 702.132, such requirement must be implied. We hold further that a party against whom an award may be made is entitled to reasonable time to respond to an application for attorney's fees."

We agree and concur in this finding by the Board.

## B. AWARD OF ATTORNEY FEES TO NONLAWYER LAY REPRESENTATIVE

In his decision and order, the Administrative Law Judge found that:

"Maurice Kadish, Esquire, attorney for Claimant, is entitled to be paid $2,150.00 by the Employer and/or Carrier, which I find to be the reasonable value of his professional services in this matter. *This sum includes remuneration to Mr. Larry Meyers* ... ." (emphasis supplied)

Nowhere in the record can we find any indication as to how this $2,150 figure is broken down between the attorney of record, Maurice Kadish, and the lay representative, Larry Meyers. Employer contends that the great majority of the work was actually done by the lay representative and that the attorney acted only in a nominal capacity. Employer further contends that the lay representative is being compensated at the same rate as a licensed attorney in this award of attorney fees. If this is the case, then it is a violation of the fee provision of the Longshoremen's Act, 33 U.S.C. 928, and the supporting regulations, 20 C.F.R. 702.132–134.

■ Sections 928(a) and 928(b) of the Longshoremen's Act specifically state that attorney fees are to be awarded if the claimant "utilize[s] the services of an *attorney at law*" (emphasis added). We find that only licensed members of the practicing bar can fit within this definition. Lay "representatives" cannot. While it is true under the regulations, 20 C.F.R. 702.131, that claimant may be represented by an attorney or "other person" and that the claimant "may be represented by persons of [his] choice" (20 C.F.R. 702.334), the fact still remains that the only statute which provides for attorney's fees to be paid directly to the attorney from the employer specifically requires that there be an "attorney at law." Neither of these sections in question mentions fees for the "other person" or "representative."

A necessary ingredient in the determination of reasonable attorney fees is to find the amount of time and labor spent by the attorney and his office. It is appropriate to distinguish between legal work in the strict sense and investigation, clerical work, leg work, compilation of facts, and other work which can often be accomplished by non-lawyers. Such nonlegal work performed by nonlawyers should command a lesser rate.

■ The record only shows one lump sum payment as attorney fees and does not disclose who was actually the recipient of these fees. Nor is the record clear as to exactly how much time was spent by whom to arrive at the billable hours of legal time.

■ We remand this issue of attorney fees in order to give the employer meaningful notice and an opportunity to be heard and also for The Benefit Review Board to make these findings:

I. The amount of time actually spent by the Attorney at Law, Maurice Kadish, on the instant claimant's case.

II. A just and reasonable fee based on this time spent.

III. Whether the lay representative, Larry Meyers, was associated with and actually assisted the Attorney, Maurice Kadish.

IV. The amount of time actually spent by Mr. Meyers assisting and aiding

Mr. Kadish in the progress of the claimant's case.

V. A just and reasonable compensation for time spent by Meyers while assisting Mr. Kadish. This shall be based on a standard of what is reasonable and customary in the area for paralegal assistants and shall not be computed at attorney at law rates.

VI. Whether there was any time spent by Larry Meyers in which he was not assisting or associated with an attorney at law. If there is any of this time, compensation for it cannot be billed directly to the employer under either 928(a) or 928(b), but instead would have to be charged to the compensation award of the claimant.

VII. To determine a just and reasonable "representation" fee for any time that Mr. Meyers spent assisting claimant and that is not chargeable directly to the employer under Sec. 928.

■ We find that besides the time and compensation of Mr. Kadish, the time and compensation of Mr. Meyers spent assisting and aiding Mr. Kadish (figured at paralegal rates) can reasonably be counted as "attorney fees" under Sections 928(a) and (b). One of the necessary incidents of an attorney's fee is the attorney's maintaining of a competent staff to assist him. Paralegals and other assistants can free the attorney to spend his more costly time for greater productivity in more important areas.

In the instant case, allowing an attorney's paralegal assistant to be included as "reasonable attorney fees" not only saves the attorney time, but would save the employer here costs as well. Paralegals can do some of the work that the attorney would have to do anyway and can do it at substantially less cost per hour, resulting in less total cost billed to the employer. Therefore, paralegal time at paralegal rates can reasonably be counted along with the attorney's time as "attorney fees."

It is to be understood that the factors discussed above are not to be taken as conclusive on others that may be shown to be relevant to a proper determination in this case or other cases that may arise in the future.

We find the other contentions by claimant to be without merit.

AFFIRMED in part, REMANDED in part.