972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TODD SHIPYARDS CORPORATION; Aetna Casualty and Surety
Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; U.S.
Department of Labor; Robert E. Kruk, Respondents.
 No. 90-70411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 24, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Pacific Shipyards Corporation and Aetna Casualty and Surety Company ("the petitioners") petition for review of a final order of the Benefits Review Board of the Department of Labor ("the Board"). Petitioners contend that the Board erred in affirming the decision of an administrative law judge ("ALJ") awarding Robert E. Kruk temporary total and permanent partial disability benefits. We have jurisdiction under 33 U.S.C. § 921 and we deny the petition.
 
 
 3
 * Robert E. Kruk worked as a marine electrician for Todd Shipyards in Seattle, Washington. During the course of his employment, Kruk sustained an injury to his back and eventually underwent a hemilaminectomy, disk excision and spinal fusion.
 
 
 4
 Kruk filed a claim for disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq. At a formal hearing conducted by an ALJ, the petitioners attempted to impeach Kruk's testimony with photographs and surveillance films of Kruk engaged in heavy physical labor in the front yard of his residence. Because the evidence had not previously been disclosed to Kruk, the ALJ terminated the hearing and sealed the transcript of the proceedings. The ALJ further ordered the petitioners to afford Kruk an opportunity to view the evidence and to depose the investigators who conducted the surveillance.
 
 
 5
 After a subsequent hearing at which the photographs and surveillance films were accepted into evidence, a second ALJ awarded Kruk temporary total and permanent partial disability benefits. The petitioners timely appealed to the Board, which, after review, affirmed the award. Petitioners appeal the Board's final order.
 
 II
 
 6
 We review the Board's decision for "errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." Bumble Bee Seafoods v. Director, Office of Workers' Compensation Programs, 629 F.2d 1327, 1329 (9th Cir.1980) (footnote omitted). We will defer to the Board's interpretation of the LHWCA "if the interpretation is reasonable and reflects the underlying policy of the statute." Todd Shipyards Corp. v. Director, Office of Workers' Compensation Programs, 848 F.2d 125, 126 n. 2 (9th Cir.1988). The Board, in turn, "must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence." Todd Shipyards Corp. v. Black, 717 F.2d 1280, 1284 (9th Cir.1983), cert. denied, 466 U.S. 937 (1984) (citation omitted).
 
 III
 
 7
 Petitioners first contend that the ALJ erred in terminating the first hearing and sealing the transcript of the proceedings. Petitioners argue that they were not required to reveal the existence of the photographs and surveillance films to Kruk before the hearing.
 
 
 8
 It is within the discretion of the trier of fact to exclude surprise evidence. Jenkins v. Whittaker Corp., 785 F.2d 720, 728 (9th Cir.), cert. denied, 479 U.S. 918 (1986) (trier of fact did not abuse its discretion in excluding evidence when the defendant "gave the plaintiffs no advance notice of the fact and substance of [the] testimony and therefore no opportunity to prepare to meet it."); Todd Shipyards Corp. v. Director, Office of Workers' Compensation Programs, 545 F.2d 1176, 1179 (9th Cir.1976) (ALJ did not abuse his discretion in excluding claimant's evidence submitted with no notice to opposing counsel). It is also within the discretion of the trier of fact to impose restrictions on the cross-examination of witnesses. Walker v. Rothschild Intern. Stevedoring Co., 526 F.2d 1137, 1140 (9th Cir.1975) (ALJ did not err in "restrict[ing] the amount and type of cross-examination.").
 
 
 9
 Here, the ALJ did not abuse his discretion in refusing to allow the petitioners to cross-examine Kruk with undisclosed evidence, or to benefit from the resulting surprise. The Board was correct to affirm. See Chavez v. Director, Office of Workers' Compensation Programs, 961 F.2d 1409, 1414 (9th Cir.1992). Moreover, the petitioners suffered no harm given that the photographs and surveillance films were ultimately introduced at a subsequent hearing.
 
 
 10
 Petitioners next contend that the award of benefits is not supported by substantial evidence. Petitioners argue that "the [ALJ's] findings relating to [Kruk's] post-injury employment capability and loss of wage earning capability are irrational, inherently incredible and founded upon [Kruk's] subjective complaints...."
 
 
 11
 The evidence in this case could support more than one result. However, in reaching his decision, the ALJ took into consideration all the evidence introduced at the hearing, including medical reports, petitioners' photographs and surveillance films and the testimony of Kruk and his spouse. The ALJ also evaluated the credibility of the witnesses. Upon such a record, the Board is not at liberty to reweigh the evidence and must defer to the ALJ's findings. Director, Office of Workers' Compensation Programs v. Campbell Industries, Inc., 678 F.2d 836, 839 (9th Cir.1982), cert. denied, 459 U.S. 1104 (1983), overruled on other grounds by Director, Office of Workers' Compensation Programs v. Cargill, 709 F.2d 616 (9th Cir.1983) (en banc). Although the petitioners contend that the ALJ did not sufficiently consider the opinion of Dr. Burns, who found that Kruk could return to his previous employment, where there is a conflict in the medical testimony offered by the parties the ALJ is not bound to accept the opinion or theory of any particular medical examiner. Walker, 526 F.2d at 1140.
 
 
 12
 Petitioners finally contend that the Board erred in issuing a summary decision instead of "a full written opinion." Where the issues raised on appeal have been disposed of in prior cases, the Board "in its discretion may issue a brief, summary decision in writing, disposing of the appeal." 20 C.F.R. § 802.404(b) (1991). In this case, the issues raised by the petitioners required no more than a summary decision.
 
 IV
 
 13
 The petition for review of the final order of the Benefits Review Board is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3