594 F.2d 1175
 Paul F. RIDGLEY, Respondent,
v.
CERES, INC., Great Lakes Storage and Contracting Company,
and Liberty Mutual Insurance Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondents.
 No. 78-1149.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 8, 1979.
Decided Feb. 26, 1979.
 
 Arnold W. Larson of Donovan & Harper, Duluth, Minn., filed brief, for petitioners.
 James J. Courtney, III of Courtney, Gruesen & Petersen, Duluth, Minn., filed brief, for respondent, Ridgley.
 Mary A. Sheehan, Atty., U.S. Dept. of Labor, Washington, D.C., Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Washington, D.C., on brief, for respondent, Director, Office of Workers' Comp.
 Before LAY, BRIGHT and ROSS, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 This is a petition to review an order of the Benefits Review Board, United States Department of Labor, affirming a decision of an administrative law judge ordering Great Lakes Storage and Contracting Co. (Great Lakes) to pay Paul F. Ridgley compensation benefits for permanent disability pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950. The ALJ initially denied Ridgley's claim against Great Lakes on the ground that Ridgley had failed to establish a connection between his July 1970 employment accident and the injury to his left knee.[1] The Board reversed the denial of the claim, holding that the burden was on Great Lakes to overcome the presumption of a causal connection between Ridgley's employment accident and his disability and that Great Lakes had failed to meet its burden of proof. Upon remand, the ALJ ordered Great Lakes to pay Ridgley compensation for permanent total disability for his knee injury. The Board affirmed the ALJ's order and this petition followed.
 
 
 2
 In its petition for review Great Lakes makes three contentions. First it contends the ALJ's initial decision denying Ridgley's claim was supported by substantial evidence and the Board erred in reversing that decision. Second, Great Lakes contends that the evidence does not support the ALJ's conclusion that Ridgley is permanently totally disabled. Finally, and alternatively, Great Lakes contends that if Ridgley's injury is compensable, the liability limitation in 33 U.S.C. § 908(f)(1) applies, since Ridgley had a previous disability. We affirm the decision of the Board.
 
 
 3
 Great Lakes' first two contentions merit little comment. Ridgley was injured on July 10, 1970, in the course of his employment as a longshoreman with Great Lakes in Duluth, Minnesota. He was loading equipment aboard a vessel when the boom swung out of control and threw him down, injuring his back, left hip, and left knee. Following his July 1970 injury Ridgley was treated by Dr. William Atmore, an orthopedic surgeon. Dr. Atmore periodically treated Ridgley for his knee from October 1970 through April 1973, during which time the possibility of surgery to replace the knee was contemplated. Ridgley continued working, however, until June 27, 1973, when he sustained an injury to his left hand.[2] While Ridgley was hospitalized for this hand injury, surgery was also performed for the previously contemplated knee replacement. More than a year later, when the knee surgery had completely healed, Dr. Atmore concluded that Ridgley could not perform heavy manual labor involving climbing, squatting or heavy lifting. He has not returned to work since the June 1973 injury to his hand.
 
 
 4
 The Board reversed the ALJ's initial decision denying Ridgley's claim on the grounds that Great Lakes had not overcome the presumption of a causal connection between Ridgley's employment accident and his disability. Section 20 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 920, establishes a presumption that a claim for compensation comes within the provisions of the Act.[3] The presumption controls unless sufficient proof is offered to rebut it. Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 80 L.Ed. 229 (1935); In re District of Columbia Workmen's Compensation Act, 180 U.S.App.D.C. 216, 222, 554 F.2d 1075, 1081, Cert. denied sub nom. J. Frank Kelly, Inc. v. Swinton, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976); St. Louis Shipbuilding Co. v. Director of the Office of Workers' Compensation Programs, 551 F.2d 1119, 1124 (8th Cir. 1977).
 
 
 5
 Great Lakes contends that it overcame the presumption with proof that in 1944 Ridgley had sustained a knee injury which caused an arthritic condition present at the time of the 1970 injury and it was this arthritic condition which ultimately led to the total knee replacement surgery, rather than the July 1970 injury. After carefully reviewing the record, we agree with the Board that Great Lakes did not offer sufficient proof to rebut the presumption that Ridgley's claim came within the provisions of the Act. Dr. Atmore, Ridgley's treating physician, opined that the July 1970 injury was the proximate cause of the surgery resulting in a knee replacement. Great Lakes offered no testimony to the contrary. Dr. Atmore did testify that had Ridgley not suffered the 1944 injury he would not have required the knee replacement. That does not detract, however, from the compensability of Ridgley's present knee condition. A work related aggravation of a preexisting condition is compensable. Wheatley v. Adler, 132 U.S.App.D.C. 177, 182, 407 F.2d 307, 312 (1968).
 
 
 6
 Great Lakes next contends that Ridgley was not permanently totally disabled as a result of his 1970 injury. This contention also lacks merit. The ALJ found that Ridgley was unable to be gainfully employed as a result of the July 1970 injury, citing the employer's failure to show that Ridgley had an actual opportunity to obtain light work. We find substantial evidence to support the ALJ's finding. Ridgley testified that he was unable to work. Dr. Atmore testified that Ridgley could no longer perform the strenuous work required by his employment as a longshoreman. Furthermore, the record contains no evidence that Ridgley could perform other work. See American Stevedores, Inc. v. Salzano, 538 F.2d 933, 935-36 (2d Cir. 1976).
 
 
 7
 Finally, Great Lakes contends that its liability for compensation should be limited by § 8(f)(1) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f)(1).[4] That section, often referred to as the "second injury" or "special fund" provision, limits an employer's liability for an employee's injury which of itself would cause only a permanent partial disability but which, because of a preexisting disability, causes a permanent total disability. In order to trigger application of the statute an employee must have a "previous disability."
 
 
 8
 Initially we maintain serious doubt whether Ridgley's arthritis is a "previous disability" within the meaning of the statute. The phrase "previous disability" is to be given a normal meaning, Lawson v. Suwannee Fruit & Steamship Co., 336 U.S. 198, 201, 69 S.Ct. 503, 93 L.Ed. 611 (1949), and ordinarily a pathological or traumatic condition which has not become manifest until a subsequent accident is not viewed as a prior disability. National Homeopathic Hospital Association v. Britton, 79 U.S.App.D.C. 309, 314, 147 F.2d 561, 566, Cert. denied, 325 U.S. 857, 65 S.Ct. 1185, 89 L.Ed. 1977 (1945) (Groner, C. J., dissenting).[5] This view is consistent with the statute's obvious purpose, which is to encourage the hiring of handicapped workmen and protect employers who do so. Duluth, Missabe & Iron Range Railway Co. v. United States Department of Labor, 553 F.2d 1144, 1151 (8th Cir. 1977). We need not determine whether Ridgley's arthritic condition is a "previous disability," however, because the record contains no evidence indicating that Ridgley's arthritic knee was manifest.
 
 
 9
 In Duluth, Missabe & Iron Range Railway Co., supra, we adopted the "latent-manifest" test for determining whether an employer will receive the benefit of the special fund provision. Since Great Lakes offered no evidence, and we find none in the record, indicating that Ridgley's arthritic condition was manifest, Great Lakes does not qualify for the limited liability provision of 33 U.S.C. § 908(f)(1).
 
 
 10
 The Board's order is affirmed.
 
 
 11
 ROSS, Circuit Judge, concurring.
 
 
 12
 I concur in the opinion of Judge Lay, but as to the issue of the application of 33 U.S.C. § 908(f)(1) I concur only because our panel is bound by the holding in Duluth, Missabe & Iron Range Railway Co. v. United States Department of Labor, supra, which I believe to have been erroneously decided.
 
 
 13
 The Duluth case relied upon Atlantic & Gulf Stevedores, Inc. v. Director, Office of Workers' Compensation Programs, 542 F.2d 602 (3d Cir. 1976), which in turn relied upon dicta in Lawson v. Suwannee Fruit & Steamship Co., 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949). The Lawson case quotes a witness at a congressional hearing to the effect that:
 
 
 14
 The second injury proposition is as much to the advantage of the employer and his interests as it is for the benefit of the employee. It protects that employer who has hired, say, a one-eyed worker who goes and loses his other eye and becomes a total disability. The employer without this sort of thing would have to pay total permanent disability compensation. Then, on the other hand, this also protects the worker with one eye from being denied employment on account of his being an extra risk. Now, by simply taking this up in this way it is possible to protect both the employer and to protect the one-eyed employee also.
 
 
 15
 Id. at 202, 69 S.Ct. at 505.
 
 
 16
 This statement and other statements made in dicta in Lawson indicate that the Supreme Court felt that the statute was enacted because it encouraged the hiring of handicapped workers. The rationale was that the employer did not have to be concerned that he would be directed to pay permanent total disability when the permanent total disability was partially the result of a preexisting injury. I do not disagree with that rationale, but the Supreme Court did Not say, even in dicta, that subsection (f) should apply Only when the first injury was obvious to the employer when the employee was hired. Nothing in the statute nor in the Lawson case makes this artificial distinction between "manifest" and "latent" preexisting conditions. Common sense dictates that an employer who knew nothing about the prior injury when he hired the worker should not be penalized for the effect of the prior injury. In my opinion 33 U.S.C. § 908(f)(1) should be applied here to reduce the liability of the employer.
 
 
 
 [1]
 The ALJ concluded that Ridgley's knee replacement resulted from degenerative arthritis which had developed subsequent to a leg fracture Ridgley suffered in 1944
 
 
 [2]
 At this time he was employed by Ceres, Inc
 
 
 [3]
 33 U.S.C. § 920 provides in pertinent part:
 In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary
 (a) That the claim comes within the provisions of this chapter.
 
 
 [4]
 At the time of Ridgley's injury Section 8(f)(1) read:
 (f) Injury increasing disability: (1) If an employee receive an injury which of itself would only cause permanent partial disability but which combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: Provided, however, That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in section 944 of this title.
 33 U.S.C. § 908(f)(1) (amended 1972).
 
 
 [5]
 Varying interpretations of the phrase "previous disability" have been adopted. Compare American Mutual Insurance Co. v. Jones, 138 U.S.App.D.C. 269, 272, 426 F.2d 1263, 1266 (1970) With Equitable Equipment Co. v. Hardy, 558 F.2d 1192, 1197-98 (5th Cir. 1977) And Atlantic & Gulf Stevedores, Inc. v. Director, Office of Workers' Compensation Programs, 542 F.2d 602, 608-09 (3d Cir. 1976)