**Maurice BUTLER, et al., Petitioners,**

v.

**CONTINENTAL WESTERN LINES, A DIVISION OF TRAILWAYS, INC., et al.**

**No. 80–2525.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 28, 1981.

Decided Nov. 20, 1981.

Theodore E. Lombard, Washington, D. C., for petitioners.

Richard W. Galiher, Jr., Washington, D. C., with whom Richard W. Galiher, William H. Clarke, Frank J. Martell, and William J. Donnelly, Jr., Washington, D. C., were on the brief, for respondents.

Before MacKINNON and GINSBURG, Circuit Judges, and PHILIP NICHOLS, Jr.,* Judge, United States Court of Claims.

Opinion *PER CURIAM.*

PER CURIAM:

Petitioners, children of deceased worker Samuel Butler, sought death benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950, *made applicable to the District of Columbia by* D.C.Code § 36–501. The Act applies

> in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs; except that in applying such provisions the term "employer" shall be held to mean every person carrying on any employment in the District of Columbia, and the term "employee" shall be held to mean every employee of any such person.

An administrative law judge denied the claim on the ground that the jurisdictional requirements of the Act were not met, and the Benefits Review Board, United States

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

Department of Labor, agreed with that conclusion.

■ We affirm the Board's decision. The employment situation in this case did not bear any substantial connection to the District of Columbia. Therefore petitioners' claim falls beyond the reach of the Act. *See Director, OWCP v. National Van Lines, Inc.,* 613 F.2d 972, 979–81 (D.C.Cir.1979), *cert. denied,* 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980) (citing and quoting *Cardillo v. Liberty Mutual Insurance Co.,* 330 U.S. 469, 476, 67 S.Ct. 801, 805, 91 L.Ed. 1028 (1947) (reach of the Act is limited to cases presenting "some substantial connection between the District and the particular employee-employer relationship")).

Samuel Butler, the deceased worker, formerly resided in the District of Columbia. He was divorced in 1968 and left the District in 1970. From 1972 until his death in 1976, he resided in California. During the period of his residence in California, he was employed as a bus driver by Continental Western Lines, a division of Trailways, Inc., a Texas corporation. Butler's employment as a driver for Continental did not bring him within 2,000 miles of the District of Columbia. He died on the job in Canyon City, Colorado. Trailways, Inc. did not, except through corporate subsidiaries, employ anyone in the District of Columbia. Butler was not employed by Trailways or any Trailways affiliate prior to his departure from the District.

■ Petitioners rely upon two factors to connect their claim to the District: three subsidiaries of the Trailways corporate family operate here; Butler's children reside in the District and are the compensation claimants. The local operations of Trailways subsidiaries could not supply a legitimate basis for District of Columbia regulation of Butler's west coast employment situation. Butler's work for Continental never brought him east of the Mississippi and no aspect of his employment was supervised or managed from the District. *Cf. Director, OWCP v. Boughman,* 545 F.2d 210 (D.C.Cir. 1976) (facts relevant to application of Dis-

trict of Columbia law summarized in *Director, OWCP v. National Van Lines, Inc.,* *supra,* 613 F.2d at 982) (District Act applied, although deceased employee resided in California, where employer's national headquarters were in the District and employee occasionally came here on business relating to his employment).

■ Turning to the District residence of the claimants in this case, we find no authority for the suggestion that employers reasonably may be subjected to the compensation laws, and the obligation to insure, in any place in which their employees may have dependent children. Petitioners' counsel stresses the clear interest the District has in the welfare of children living here. But counsel was unable to cite any reported case in which the residence of the claimants, when it differed from the residence of the deceased employee, was the connection successfully relied upon to invoke application of a workers' compensation statute.

In sum, we do not think the District's Compensation Act is so pliable that it can be interpreted to reach an employment relationship as distant from the District as the one between Continental and Samuel Butler.[1] But even if we could fit petitioners' claim to the terms of the statute we would hesitate to ascribe to Congress a design to sweep this case within the governance of District of Columbia law, *cf. Church of the Holy Trinity v. United States,* 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892), particularly in view of the constitutional question such an extension of the District's law would raise. *See Cardillo v. Liberty Mutual Insurance Co., supra.*

For the reasons stated herein, we find no basis for disturbing the administrative decision on review. The order of the Benefits Review Board is accordingly

*Affirmed.*

---

1. At argument, petitioners' counsel confirmed that petitioners have filed a timely claim for workers' compensation benefits in California.