Frederick B. PFISTER, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, et al., Respondents.

No. 80–1081.

United States Court of Appeals, District of Columbia Circuit.

April 23, 1982.

Eugene Carella was on the brief, for petitioner.

Richard W. Galiher, Jr., Rockville, Md., with whom Richard W. Galiher, A. Paul Kaye, William H. Clarke, Frank J. Martell and William J. Donnelly, Jr., Rockville, Md., were on the brief, for respondents Delta Airlines and Ins. of Wausau.

Jeffrey W. Ochsman, Washington, D. C., with whom Gerald Herz, Washington, D. C., was on the brief, for respondents Delta Airlines and Argonaut Ins. Co., Inc.

Before MacKINNON and WILKEY, Circuit Judges, and CORCORAN,* Senior District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This case is before us on a petition for review of an order of the Benefits Review Board (the Board) denying relief under the District of Columbia Workmen's Compensation Act.[1] For the reasons set forth below, we affirm the decision of the Board holding that petitioner has failed to meet the jurisdictional requirements of that statute.[2]

## I.

Pfister was employed by Delta Air Lines, Inc., as a mechanic at its maintenance facility at the Washington National Airport (the Airport) in the State of Virginia. He sus-

tained an injury while at work at the Airport and received workers' compensation benefits in accordance with the laws of Virginia. Subsequently, however, he filed a claim with the District of Columbia office of the Office of the Workers' Compensation Programs of the Department of Labor, asserting entitlement to the larger benefits available under the District of Columbia Workmen's Compensation Act (the Workmen's Compensation Act), D.C.Code § 36–501 (1973) (since superseded by D.C.Code § 36–303 (1981)).

That statute incorporates the substantive and procedural provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901–950 (1976) (the Longshoremen's Act). *See generally Director v. National Van Lines, Inc.*, 613 F.2d 972 (D.C. Cir.1979), *cert. denied*, 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980). It applies to employees where it is shown that there is "some substantial connection between the District and the particular employer/employee relationship." *Cardillo v. Liberty Mutual Insurance Co.*, 330 U.S. 469, 476, 67 S.Ct. 801, 806, 91 L.Ed. 1028 (1947). *See Butler v. Continental Western Lines*, 668 F.2d 1374 (D.C.Cir.1981). The threshold question in evaluating Pfister's claim was thus whether Pfister's employment with Delta had the necessary "substantial connection" to the District.

The matter was heard initially by an Administrative Law Judge (ALJ). He determined that Pfister's injuries were incurred at the Washington National Airport, which has been determined to be located in Virginia. *Bryan v. District Unemployment Compensation Board*, 342 A.2d 45 (D.C. 1975). *See* Ch. No. 443, § 101, 59 Stat. 552 (1945) (defining boundary line between Dis-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Counsel for petitioner did not appear at rescheduled oral argument, and no motion for continuance was received. The court has determined that the facts and legal arguments are adequately presented in the briefs and record and that oral argument would not significantly aid the court, and with the concurrence of counsel for respondents has unanimously

agreed to decide the cause without oral argument on all the briefs, the pleadings and the record.

2. We are bound by this court's decision in *Director v. Nat'l Van Lines, Inc.*, 613 F.2d 972, 979 n.20 (D.C.Cir.1979), *cert. denied*, 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980), to hold that we have jurisdiction under 33 U.S.C. § 921(c) to pass upon the Board's decision.

trict and Virginia). The ALJ further found that Pfister was hired, received his instructions, and performed his duties in Virginia, and that he resided and paid income taxes there; that although Delta operates ticket offices in the District, it has no work for mechanics there, and thus that there was no possibility of Pfister being transferred from his post in Virginia into the District; that Delta is incorporated in Georgia, has its principal office in Atlanta, and that those who supervised Pfister's work received their orders from that office. Finally, the ALJ found that there was no concern that Pfister would become a public charge of the District. *Pfister v. Delta Air Lines, et al.,* BRB No. 77–DCWC–71 (May 15, 1978) [hereinafter cited as ALJ Op.].

### II.

Pfister contends that, despite the overwhelming evidence tending to locate the employment relationship in Virginia, his claim is within the D. C. Workmen's Compensation Act because of (1) Delta Air Lines' operation of ticket offices in the District, and (2) Pfister's alleged travels to and through the District, allegedly on business for Delta. With respect to the latter, Pfister claimed before the ALJ that he had travelled several times through the District on Delta business with Ace Auto Parts in Brentwood, Maryland, and that he also travelled on several occasions in a Delta truck over the George Washington Memorial Parkway in connection with company business at Dulles Airport. The Parkway briefly skirts into the District of Columbia on an island off the south shore of the Potomac River.

The Administrative Law Judge refused to credit Pfister's testimony on these alleged contacts with the District. He found that Pfister's testimony generally was "evasive and overall appeared calculated to promote his cause rather than to disclose pertinent, relevant facts." ALJ Op. at 5. He specifically found that the claimed trips through the District to Maryland were unsupported by specific dates or documentation, while a Delta supervisor had testified

that Delta did no business with Ace Auto Parts. With respect to the claimed travel on the Parkway, the ALJ found that it was "inconceivable" that Pfister could have been unaware that commercial trucks of the type Pfister claimed to have driven are barred from the segment of the Parkway lying in the District. *Id.* Consequently, he found Pfister's testimony to lack credibility. The ALJ found that Pfister did make *one trip* into the District on Delta business, but that he did not receive a travel allowance for this journey. The record thus leaves Pfister showing only one isolated contact with the District—a single trip on Delta business for which no travel allowance was received.

On the basis of the foregoing factual determinations the ALJ concluded that because Pfister did not have "substantial contacts" with the District his claim for additional benefits under D.C.Code § 36–501 (1973) must fail. On appeal, the Benefits Review Board affirmed the decision of the Administrative Law Judge.

### III.

■ The one employment-related contact with the District credited by the ALJ— "the trip to 14th Street with the battery charger," ALJ Op. at 8—is clearly insufficient to bring Pfister's employment as a mechanic for Delta within the D. C. Workmen's Compensation Act. Even more clearly, Delta's presence in the District by virtue of the ticket offices it operates (or shares in the operation of) is quite unconnected with Pfister's employment as a mechanic at the Airport, and is therefore incapable of supporting jurisdiction under that Act. This conclusion is evident from a comparison of the connecting factors present in *Director v. National Van Lines, Inc.,* 613 F.2d 972 (D.C. Cir.1979), *cert. denied,* 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980) (upholding jurisdiction under D.C.Code § 36–501) and *Director v. Boughman,* 545 F.2d 210 (D.C.Cir.1976) (same) with those considered in our recent decision in *Butler v. Continental Western Lines,* 668 F.2d 1374 (D.C.Cir. 1981) (denying jurisdiction).

In *National Van Lines*, a case which the court viewed as "close" on the facts, 613 F.2d at 979, the court recognized that "[m]any of the common indicia of substantial connection, for example, residence of the employee, headquarters of the employer, place of making the employment contract" were absent. *Id.* However, the court upheld application of the D. C. act for two reasons: first, because the employer's headquarters, while not situated within the District, were located within the metropolitan Washington area; and second, because the interstate nature of the employment relationship (the employee was a driver for a moving company) made it "difficult to pin the employment to a specific place." *Id.* In Pfister's case, neither the "common indicia" nor either of these additional factors are present. Delta's headquarters are located in, and its operations at National Airport are directed from, the state of Georgia. While Delta's operations as a whole may well be interstate in character, Pfister's particular employment with Delta was related practically exclusively to National Airport.

In *Director v. Boughman*, 545 F.2d 210 (D.C.Cir.1976), the claimant was employed by a national labor union. Although he lived and generally worked in California, and died there in the course of his employment, the Board found sufficient contacts to invoke the D. C. Workmen's Compensation Act in the fact that the District was the place where the union's national headquarters was located, where the employment contract was made, and where the employee's pension plan was administered. *See* 1 B.R.B.S. 406, 415 (1975). On petition for review before this court, the application of the D. C. act was sustained.[3]

The connections—or rather, the lack thereof—found to exist in the instant case place it in the same class as *Butler v. Continental Western Lines, supra.* The claimant there, a bus driver, died on the job in Colorado. Although the employer's parent corporation did business in the District through three other subsidiaries, "Butler's work for Continental never brought him east of the Mississippi and no aspect of his employment was supervised or managed from the District." 668 F.2d at 1375. Thus the connection was far too remote to support jurisdiction. Likewise here, Pfister's employment in Virginia is not related to the operation of Delta's ticket offices in the District.

■ Our review of the factual determinations made by the ALJ and adopted by the Board is limited to inquiring whether, viewing the record as a whole, the findings are supported by substantial evidence. *Cardillo v. Liberty Mutual Insurance Co., supra,* 330 U.S. 469, 477–78, 67 S.Ct. 801, 806, 91 L.Ed. 1028 (1947). *See Banks v. Chicago Grain Trimmers Association, Inc.,* 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30 (1968); *NLRB v. Walton Manufacturing Co.,* 369 U.S. 404, 408, 82 S.Ct. 853, 855, 7 L.Ed.2d 829 (1962); *O'Leary v. Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 508–509, 71 S.Ct. 470, 472, 95 L.Ed. 483 (1951). In applying that standard, it must be recalled that "[n]o less in administrative than in judicial tribunals is it the factfinder's function to make the primary assessment as to the weight to be accorded particular items of evidence." *D. C. Transit System, Inc. v. Washington Metropolitan Area Transit Commission,* 466 F.2d 394, 396, 414 (D.C.Cir.1972), *cert. denied,* 409 U.S. 1086, 93 S.Ct. 688, 34 L.Ed.2d 673 (1973). *See also Strand v. Hansen Seaway Service, Ltd.,* 614 F.2d 572, 574 (7th Cir. 1980); *NLRB v. Bausch & Lomb, Inc.,* 526 F.2d 817, 822 (2d Cir. 1975).

We are satisfied that the Board's decision regarding the existence of the necessary jurisdictional facts complies with this standard. Most of the evidence going to the existence of contacts between the District and the employment relationship—the na-

---

**3.** Although the court's opinion in *Boughman* does not discuss the jurisdictional issue, the briefs in that case disclose that the Board's ruling upholding jurisdiction was challenged by petitioners on review and so was before the court. Therefore, the jurisdictional question was necessarily, albeit implicitly, resolved by the court in favor of jurisdiction.

ture and location of Delta's business activities, the place where Pfister was hired and generally worked—was undisputed, and plainly supports the Board's finding. These facts suffice to overcome the presumption of jurisdiction mandated by the Longshoremen's Act, 33 U.S.C. § 920;[4] *In re District of Columbia Workmen's Compensation Act,* 554 F.2d 1075, 1081 (D.C.Cir.1976), *cert. denied, J. Frank Kelly, Inc. v. Swinton,* 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1977); *Ridgley v. Ceres, Inc.,* 594 F.2d 1175, 1177 (8th Cir. 1979), and to require affirmance of the Board's decision. It follows under *Cardillo* that the Administrative Law Judge, the Benefits Review Board and this Court are without jurisdiction to approve Pfister's claim because substantial connections sufficient to invoke the provisions of the Workmen's Compensation Act have not been shown.

### IV.

Pfister also argued before the Board and in his brief to this court that the decision of the ALJ should be vacated on grounds of the ALJ's personal prejudice against Pfister's counsel. The Board ruled that petitioner's allegations of prejudice were not timely filed under 5 U.S.C. § 556(b) (1976), and in the alternative that petitioner had failed to allege with sufficient specificity the facts underlying the claim. We affirm the Board's ruling.

█ The ruling that petitioner's claim of prejudice was not timely raised under 5 U.S.C. § 556(b) is in accordance with the law in this Circuit. "The general rule governing disqualification, normally applicable to the federal judiciary and administrative

agencies alike, requires that such a claim be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist." *Marcus v. Director,* 548 F.2d 1044, 1050–51 (D.C.Cir. 1976) (footnotes omitted). As petitioner's brief itself discloses, petitioner's counsel believed such grounds to exist at an early stage in the proceedings before the ALJ; yet despite several attempts to remove the ALJ,[5] no affidavit setting forth specific evidence of prejudice was ever filed. Absent such *specific allegations,* presented for consideration as soon as it is practicable to do so, petitioner's claims as to prejudice will not be heard.[6]

### V.

In light of our disposition of the jurisdictional question and the allegation of prejudice regarding the factfinder, it is unnecessary to reach the remaining issues raised by petitioner, which relate in essence to the nature and extent of Pfister's injuries and of the compensation to which he claimed entitlement. The order of the Benefits Review Board is therefore

*Affirmed.*

---

**4.** Section 20 of the Longshoremen's Act, 33 U.S.C. § 920 (1976) provides:

In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—

(a) That the claim comes within the provisions of this chapter.

**5.** These included protests to the Chief ALJ, and a petition for mandamus directing the ALJ to remove himself filed with this court.

**6.** Petitioner's demand that the Circuit Judges assigned to this case recuse themselves was also denied as being insufficient. *Pfister v. Benefits Review Board,* No. 80–1081 (D.C.Cir. March 11, 1982) (order denying motion for disqualification).