BELL HELICOPTER INTERNATIONAL, INCORPORATED and Aetna Casualty & Surety Company, Petitioners,

v.

William C. JACOBS, Director, Office of Workers' Compensation Programs and Rachel S. Darnell, Respondents.

No. 84–1743.

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1984.

Decided Oct. 24, 1984.

James F. Stigall, Jeffrey S. Henry, Janet K. Dobson, Kansas City, Mo., and Edward D. Greenberg, Washington, D.C., for petitioners.

Antonio L. Ortega, Wichita, Kan., for respondents.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Bell Helicopter International, Inc. (Bell Helicopter) petitions for review of the decision and order of the Benefits Review Board (the Board) affirming the Administrative Law Judge's (ALJ) award of benefits to the claimant under the Longshoremen's and Harbor Workers' Compensation Act[1] (the Act). Bell Helicopter contends that the ALJ relied on inadmissible hearsay in reaching his conclusions, and that the claimant did not present substantial evidence to support a finding that the injury arose out of and in the course of employment. We reject this contention and affirm.

1. 33 U.S.C. §§ 901–950 (1982).

## I. FACTS.

James Darnell, the claimant's husband, was employed by Bell Helicopter in Iran from November of 1976 until his death on September 19, 1977. A preemployment physical examination revealed that Darnell suffered from no major illnesses. In early September of 1977, Darnell complained to his wife of chest pain and shortness of breath, but neither an EKG nor a series of x-rays administered at the Bell Helicopter International Clinic revealed any abnormality. On September 19, 1977, Darnell suffered an attack of chest pain while at work. He was taken to the Bell Helicopter Clinic immediately. The attack proved fatal when resuscitation procedures failed. The death certificate issued by the American consul listed heart attack as the cause of death.

Darnell's wife submitted a claim for compensation under section 3(a) of the Act, which provides that "[c]ompensation shall be payable * * * in respect of disability or death of an employee * * *." After a hearing, the ALJ determined that Darnell's death arose out of the course of his employment and awarded benefits. Bell Helicopter appealed the award to the Benefits Review Board, which affirmed the decision and order of the ALJ. This petition for review followed.

## II. DISCUSSION.

This court's review of compensation proceedings is limited. The Act provides that factual findings made by the Board are conclusive if supported by substantial evidence. 33 U.S.C. § 921(b)(3)(1982); see *Swinton v. J. Frank Kelly, Inc.*, 554 F.2d 1075, 1081 (D.C.Cir.), *cert. denied*, 429 U.S. 820, 97 S.Ct. 67, 50 L.Ed.2d 81 (1976).

Bell Helicopter first contends that the Board erred in upholding the ALJ's admission of *ex parte* medical reports of Bell Clinic physician, Dr. Johnson, which detail all of Darnell's treatment at the Bell

Helicopter Clinic in September of 1977. The contention is that the admission of this hearsay evidence denied Bell Helicopter an opportunity to cross-examine the witness, and that no corroborative evidence supported the *ex parte* reports. Under the Act, however, the ALJ is not bound by formal rules of evidence.[2] Moreover, the Supreme Court has sanctioned the use of written reports of licensed physicians in administrative hearings, despite the hearsay character of the reports and the absence of opportunity for cross-examination. *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The Court, in *Richardson,* also held that *ex parte* medical reports may constitute substantial evidence where the opposing party did not exercise "his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician." *Id.* Such hearsay evidence alone may therefore support an agency determination. *Johnson v. United States,* 628 F.2d 187, 190–91 (D.C. Cir.1980). A residuum of corroborating evidence of the type admissible in a jury trial is no longer required. *Id.* at 190.

■ The Board's standards for reviewing the admissibility of *ex parte* medical reports are consistent with this authority. The Board held that the ALJ may consider such reports where the reporting physician is not biased or interested in the claim, the opposing party has an opportunity to cross-examine or subpoena the witness, and the reports are not inconsistent on their face. The Board concluded that Dr. Johnson, as a member of the medical profession, and particularly in view of his status as an employee of Bell Helicopter, had no interest or bias in favor of the claimant. In addition, the Board noted that as an employee of

Bell Helicopter, Dr. Johnson was uniquely available to the company. By failing to subpoena or depose him, Bell Helicopter forfeited its opportunity for cross-examination. Finally, the Board concluded that the *ex parte* medical reports were consistent.

■ In support of its position, Bell Helicopter relies on *Southern Stevedoring Co. v. Voris,* 190 F.2d 275 (5th Cir.1951), where the court held inadmissible *ex parte* medical reports of the claimant's family physician. In *Southern Stevedoring,* no opportunity existed for cross-examination, and the *ex parte* reports contradicted the live testimony of company physicians. Here, in contrast, Bell Helicopter had the opportunity to cross-examine the witness, either by subpoena or deposition. Moreover, in a more recent case, the Fifth Circuit distinguished *Southern Stevedoring* and upheld the admission of *ex parte* medical reports in a compensation proceeding where the ALJ held the administrative record open to give the company the opportunity for cross-examination. *Avondale Shipyards, Inc. v. Vinson,* 623 F.2d 1117, 1121–22 (5th Cir. 1980). In the present case, the Board did not err in concluding that the ALJ properly considered the *ex parte* reports of Dr. Johnson.[3]

■ Bell also contends that the ALJ's award was not supported by substantial evidence. Section 3(a) of the Act provides that "[c]ompensation shall be payable under this chapter * * * only if the disability or death results from an injury * * *." An injury is defined by the Act as "accidental injury or death arising out of and in the course of employment." 33 U.S.C. § 902(2) (1982). A presumption exists that a claim is covered by the Act, in the absence of substantial evidence to the contrary. 33

---

**2.** 33 U.S.C. § 923(a) (1982) provides in part: "In making an investigation or inquiry or conducting a hearing the deputy commissioner or Board shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure * * *."

**3.** Bell Helicopter asserts that even if the *ex parte* reports may constitute substantial evidence, the claimant failed to demonstrate the truthfulness,

reliability, credibility, and relevance of such hearsay evidence. We disagree. The Board's determination of Dr. Johnson's lack of bias, based on his membership in the medical profession and his status as an employee of Bell Helicopter, indicates that it was willing to accept the reports as truthful, reliable, and credible. Moreover, the reports were obviously relevant to the inquiry.

U.S.C. § 920(a) (1982). While the precise coverage of this presumption is debatable,[4] it clearly applies where, as here, the death occurred in the course of employment. *Wheatley v. Adler*, 407 F.2d 307, 312 (D.C. Cir.1968). It makes no difference that the injury or death might have occurred wherever the employee might have been. *Id.* at 311. Although the presumption is rebuttable, Bell Helicopter offered no evidence to show that the death did not arise out of or in the course of employment. This court has held the presumption controls unless sufficient proof is offered to rebut it. *Ridgley v. Ceres, Inc.*, 594 F.2d 1175, 1177 (8th Cir.1979).

After reviewing the record, we agree that the ALJ properly applied the presumption of 33 U.S.C. § 920 and that the award was supported by substantial evidence. Accordingly, we affirm the decision of the Board granting an award of benefits under the Act.

---

4. *See U.S. Industries/Federal Sheet Metal, Inc. v. Director, Office of Workers' Compensation Programs*, 455 U.S. 608, 612, 615, 102 S.Ct. 1312, 1316, 1317, 71 L.Ed.2d 495 (1982) (presumption not applicable where employee suffered severe neck, shoulder and arm pain while at home because his injury did not arise out of and in the course of employment).