CANDADO STEVEDORING CORP. v. WILLARD.

No. 47, Docket 21737.

United States Court of Appeals
Second Circuit.

Argued Nov. 3, 1950.

Decided Nov. 16, 1950.

Burlingham, Veeder, Clark & Hupper, New York City (Ray Rood Allen and Benjamin E. Haller, New York City, of counsel), for appellant.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Nathan Borock, Brooklyn, N. Y., Ward E. Boote, Assistant Solicitor, Herbert P. Miller, U. S. Dept. of Labor, Washington, D. C., for appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

 We agree with the district judge. That the applicant called the paper he filed a "claim for compensation" instead of an "application" for review is of no moment. The application asking such relief was filed within the year referred to in § 22.[1] Candado does not contend that it received no notice of the filing as required by § 19,[2] which governs the procedure with respect to § 22 applications. The twenty-day provision in the last sentence of § 19(c) we regard as neither mandatory nor jurisdictional. Consequently, we think that the deputy's jurisdiction did not terminate merely because he did not act within the twenty days.

 The running of the one-year period of limitation was stopped by the filing of the application. It would be absurd to say—indeed Candado does not say—that the order must be made within the year. Candado does argue that jurisdiction vanishes unless the deputy commences a hearing within that time. We cannot agree. For otherwise an application filed on the last day of the year, or even earlier but at a time when the docket was crowded, would be a nullity. Any delay prejudicial to Candado could have been avoided by it, had it asked for a more prompt hearing. Not having done so, it is in no position to complain on jurisdictional or other grounds.

Affirmed.

1. 33 U.S.C.A. § 922.
2. 33 U.S.C.A. § 919.