BANKS *v.* CHICAGO GRAIN TRIMMERS ASSN.,
INC., ET AL.

No. 59.   Argued January 17, 1968.—Decided April 1, 1968.

*Harold A. Liebenson* argued the cause for petitioner. With him on the brief was *Edward G. Raszus.*

*Mark A. Braun* argued the cause for respondents. With him on the brief was *Thomas P. Smith.*

MR. JUSTICE STEWART delivered the opinion of the Court.

On January 30, 1961, shortly after returning home from work, the petitioner's husband suffered a fall that resulted in his death on February 12. On February 20, 1961, the petitioner on behalf of herself and her three minor children filed a claim against her husband's employer,[1] the respondent, for compensation death benefits under the Longshoremen's and Harbor Workers' Compensation Act. 44 Stat. 1424, 33 U. S. C. §§ 901–950. The petitioner alleged that her husband's fall on January 30 had resulted from a work-connected injury suffered on January 26. A hearing was held before a Department of Labor Deputy Commissioner; and on June 8, 1961, the Deputy Commissioner rejected the petitioner's claim for failure to establish that her husband's death had resulted from a work-connected injury.[2] The petitioner did not

---

[1] The petitioner's husband had worked for the Chicago Grain Trimmers Association, Inc. (hereafter respondent) as a grain trimmer since 1934. Grain trimmers load and unload grain-carrying barges and vessels.

[2] It is not entirely clear from the Deputy Commissioner's decision whether it rested on insufficient proof of a causal nexus between the January 26 injury and the January 30 fall or on insufficient proof that the alleged January 26 injury in fact occurred at all.

bring an action in District Court to set aside the Deputy Commissioner's ruling. 33 U. S. C. § 921. Some time after the Deputy Commissioner's decision, the petitioner discovered an eyewitness to a work-connected injury suffered by her husband on January 30, the same day as his fall at home. On August 22, 1961, the petitioner filed a second compensation action against the respondent—this time alleging that the fall resulted from an injury suffered on January 30.

On September 8, 1961, the petitioner began a wrongful-death action in the Northern District of Illinois against· a third party, the Norris Grain Company, alleging that her husband's fall resulted from the same January 30 injury. On May 3, 1963, a jury rendered a verdict of $30,000 for the petitioner in that lawsuit. The grain company moved for a new trial, and the trial judge ruled that the motion would be granted unless the petitioner consented to a remittitur of $11,000. On May 16, 1963, without consulting the respondent, the petitioner accepted the remittitur. Judgment was entered for $19,000.

On August 29, 1963, a hearing on the petitioner's second compensation action commenced. On January 27, 1964, the Deputy Commissioner entered findings of fact and an award for the petitioner. The respondent brought an action in District Court to set the award aside. The District Court affirmed, but the Court of Appeals reversed. 369 F. 2d 344. We granted certiorari to consider questions concerning the administration of the Longshoremen's and Harbor Workers' Compensation Act. 389 U. S. 813.

The Court of Appeals held that the petitioner's second compensation action was barred by the doctrine of res judicata. The petitioner contends that that doctrine

is displaced in this case by the operation of § 22 of the Act,[3] which provides:

> "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or *because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may*, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or *at any time prior to one year after the rejection of a claim, review a compensation case* in accordance with the procedure prescribed [for original claims], *and* in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or *award compensation."* 33 U. S. C. § 922. (Emphasis added.)

The petitioner asserts that her second compensation action came under § 22 because it challenged a "determination of fact by the deputy commissioner" in her original compensation action—namely, the finding that her husband's fall did not result from a work-connected injury. The respondent argues that "a mistake in a determination of fact" in § 22 refers only to clerical errors and matters concerning an employee's disability, not to matters concerning an employer's liability. Conceding that nothing in the statutory language supports this reading, the respondent contends that the legislative history reveals Congress' limited purpose.[4]

---

[3] The petitioner also contends that (1) the doctrine of res judicata does not apply to administrative compensation cases generally, and (2) if res judicata does apply, her second action did not arise out of the same cause of action as did her first. We do not reach these contentions.

[4] The respondent does not rely on either of the reasons given by the Court of Appeals for holding § 22 inapplicable: (1) that the

Section 22 was first enacted as part of the original Longshoremen's and Harbor Workers' Compensation Act in 1927. 44 Stat. 1437. At that time the section provided for review by the Deputy Commissioner only on the ground of a "change in conditions." The Deputy Commissioner was authorized by the section to "terminate, continue, increase, or decrease" the original compensation award; review was permitted only "during the term of an award."

From 1930 to 1933, the United States Employees' Compensation Commission, which was charged with administering the Act, recommended in its annual reports that § 22 be amended to permit review by the Deputy Commissioner at any time. 14th Ann. Rep. of the United States Employees' Compensation Commission (hereafter USECC) 75 (1930); 15th Ann. Rep. USECC 77 (1931); 16th Ann. Rep. USECC 49 (1932); 17th Ann. Rep. USECC 18 (1933).[5] In 1934 Congress, while not

---

Deputy Commissioner was not aware of Banks' January 30 injury until more than one year after the petitioner's original claim was rejected, and (2) that the petitioner's second compensation action did not dispute the original findings of fact of the Deputy Commissioner. The petitioner filed her second compensation action within a few months after the original claim was rejected; it is irrelevant that the hearing occurred more than a year later. *Candado Stevedoring Corp.* v. *Willard,* 185 F. 2d 232. The question of the causation of the petitioner's husband's fall is obviously one of fact, cf. *O'Leary* v. *Brown-Pacific-Maxon, Inc.,* 340 U. S. 504; the case cited by the Court of Appeals, *Flamm* v. *Hughes,* 329 F. 2d 378, is utterly inapposite since it dealt with the possibility of litigating a question of constitutional law in a § 22 proceeding.

[5] In 1928 the Commission recommended that "an amendment be adopted which will give deputy commissioners the continuing authority to reopen cases that is usually conferred upon compensation boards" because "situations are continually arising in which the action taken by a deputy commissioner in correcting an error in an order may give rise to controversy and result in a failure to do

adopting the recommendation entirely, responded by amending § 22 to permit review "any time prior to one year after the date of the last payment of compensation." [6]  48 Stat. 807.  At the same time Congress added a second ground for review by the Deputy Commissioner: "a mistake in a determination of fact."  The purpose of this amendment was to "broaden the grounds on which a deputy commissioner can modify an award" by allowing modification where "a mistake in a determination of fact makes such modification desirable in order to render justice under the act."  S. Rep. No. 588, 73d Cong., 2d Sess., 3–4 (1934); H. R. Rep. No. 1244, 73d Cong., 2d Sess., 4 (1934).

In its annual reports for 1934–1936, the Compensation Commission recommended that § 22 be further amended to apply in cases where the original compensation claim is rejected by the Deputy Commissioner.  18th Ann. Rep. USECC 38 (1934); 19th Ann. Rep. USECC 49 (1935); 20th Ann. Rep. USECC 52 (1936).  Congress responded in 1938 by amending § 22 to permit review by the Deputy Commissioner "at any time prior to one year after the rejection of a claim" and to allow the Deputy Commissioner after such review to "award compensation."  52 Stat. 1167.  The purpose of this amendment

---

justice to either the employer or the employee." 12th Ann. Rep. USECC 40 (1928).  It is not at all clear just what the Commission thus meant to recommend.  In any event this recommendation was not repeated in later annual reports, and there is no evidence that Congress at any time sought to adopt it.  (Compare the committee reports to the 1934 amendment to § 22, which contain specific references to the 17th Ann. Rep. USECC (1933).  S. Rep. No. 588, 73d Cong., 2d Sess., 3 (1934); H. R. Rep. No. 1244, 73d Cong., 2d Sess., 4 (1934).)

[6] Congress also added authority for the Deputy Commissioner to "reinstate" compensation as well as to terminate, continue, increase, or decrease it.

was to extend "the enlarged authority therein [1934 amendment] provided to cases in which the action of the deputy commissioner has been a rejection of the claim." S. Rep. No. 1988, 75th Cong., 3d Sess., 8 (1938); H. R. Rep. No. 1945, 75th Cong., 3d Sess., 8 (1938).

We find nothing in this legislative history to support the respondent's argument that a "determination of fact" means only some determinations of fact and not others. The respondent points out that the recommendations of the Compensation Commission prior to the 1934 amendment referred to analogous state laws; but those recommendations dealt with the time period in which review was to be available, not with the grounds for review. The respondent has referred us to no decision, state or federal, holding that a statute permitting review of determinations of fact is limited to issues relating to disability. In the absence of persuasive reasons to the contrary, we attribute to the words of a statute their ordinary meaning,[7] and we hold that the petitioner's second compensation action, filed a few months after the rejection of her original claim, came within the scope of § 22.[8]

The respondent raised two other issues in the Court of Appeals, which that court found unnecessary to reach.

---

[7] It is true that the statute as enacted in 1927, permitting review only "on the ground of a change in conditions," might have supported a distinction between issues of disability and liability. But after the 1934 and 1938 amendments, permitting review of "a determination of fact" and authorizing the Deputy Commissioner to "award compensation" even where the original claim is rejected, the asserted distinction can draw no support from the statutory language.

[8] It is irrelevant for purposes of § 22 that the petitioner labeled her second action a claim for compensation rather than an application for review so long as the action in fact comes within the scope of the section. *Candado Stevedoring Corp.* v. *Willard*, 185 F. 2d 232.

These issues have been fully briefed and argued in this Court; and in order to bring this litigation to a close, we dispose of them here.

Section 33 of the Longshoremen's and Harbor Workers' Compensation Act permits an individual entitled to compensation to sue a third party for damages. 33 U. S. C. § 933 (a). If no such suit is brought and compensation is accepted from the employer under an award, the rights of the employee against third parties are assigned to the employer. 33 U. S. C. § 933 (b) and (c). If, as in this case, a suit is brought against a third party, the employer is liable in compensation only to the extent that allowable compensation benefits exceed the recovery from the third party. 33 U. S. C. § 933 (f). Section 33 (g) of the Act further provides:

> "If compromise with such third person is made by the person entitled to compensation . . . of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation . . . only if such compromise is made with his written approval." 33 U. S. C. § 933 (g).

The respondent contends that the petitioner's acceptance of the judicially ordered remittitur of $11,000 in her third-party lawsuit was a "compromise" within the meaning of § 33 (g). We disagree.

The Longshoremen's and Harbor Workers' Compensation Act was modeled on the New York employees' compensation statute. *Lawson* v. *Suwannee S. S. Co.*, 336 U. S. 198, 205; H. R. Rep. No. 1190, 69th Cong., 1st Sess., 2 (1926). Under the analogous provision of that act, the New York Court of Appeals has held that a remittitur is not a compromise.

> "Plaintiff's stipulation consenting to take that portion of the verdict judicially determined as being

not excessive, does not fall within any recognized meaning of the word 'compromise.' " *Gallagher* v. *Carol Construction Co.*, 272 N. Y. 127, 129, 5 N. E. 2d 63, 64.

An order of remittitur is a judicial determination of recoverable damages; it is not an agreement among the parties involving mutual concessions. Section 33 (g) protects the employer against his employee's accepting too little for his cause of action against a third party. That danger is not present when damages are determined, not by negotiations between the employee and the third party, but rather by the independent evaluation of a trial judge. Cf. *Bell* v. *O'Hearne*, 284 F. 2d 777.

Finally, the respondent attacks the Deputy Commissioner's finding of fact that there was a causal connection between the work-connected injury suffered by the petitioner's husband on January 30 and his fall at home some two hours later. The Deputy Commissioner's finding must be affirmed if supported by substantial evidence on the record considered as a whole. *O'Leary* v. *Brown-Pacific-Maxon, Inc.*, 340 U. S. 504. The District Court held that the Deputy Commissioner's finding was supported by substantial evidence, and we agree. While some of the testimony of the petitioner's medical expert was arguably inconsistent with other parts of his testimony, it was within the province of the Deputy Commissioner to credit part of the witness' testimony without accepting it all.

The judgment of the Court of Appeals is

*Reversed.*

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.