**REDDI–WIP COMPANY OF PHILADEL-PHIA, INC., and Fairmont Foods, Inc. (Abbotts Dairies Division)**

v.

**Clifford HARDIN, Secretary of Agriculture of the United States.**

Civ. A. 69–2015.

United States District Court, E. D. Pennsylvania.

July 15, 1970.

Harry Polikoff, Philadelphia, Pa., for Reddi-Wip Co.

Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for Clifford Hardin.

OPINION AND ORDER

HANNUM, District Judge.

This is a statutory appeal filed pursuant to Section 8c(15) (B) of the Agricultural Marketing Agreement Act of 1937, as amended, ("The Act"), 7 U.S.C. § 608c(15) (B), to review a decision and order of the judicial officer of the Department of Agriculture acting for the Secretary of Agriculture. The parties have filed cross motions for summary judgment pursuant to Fed.R.Civ.P. 56.

Pursuant to Section 608(c) of the Act the Secretary of Agriculture issued Milk Marketing Order No. 4 which regulates the handling of milk in the Delaware Valley Milk Marketing Area. This Order prescribes prices which milk handlers pay to producers (dairy farmers). It classifies milk as Class I or Class II, with Class I containing milk disposed of in fluid form (with certain specified exceptions) and Class II containing milk used to produce any product other than a fluid milk product. The Class I milk returns a higher price to the producers than does the Class II milk. Section 1004.14 of the Order defines Class I, or fluid milk product, as follows:

> " 'Fluid milk product' means all skim milk (including reconstituted skim milk) and butterfat in the form of milk, skim milk, buttermilk, cultured buttermilk, flavored milk, milk drinks (plain or flavored), concentrated milk, and any other mixture of cream and milk or skim milk containing less than 18 percent butterfat (other than ice cream, ice cream mixes, milk shake mixes, ice milk mixes, eggnog, and *sterilized products in hermetically sealed containers*)": (emphasis added).

There are no material facts at issue. This controversy is solely concerned with the proper classification of the butterfat and skim milk used in a product made by Reddi-Wip which is sterilized and packaged in hermetically sealed paper containers. The product, called "Pour-Shun Pak", is a "half and half" dairy product containing 11½ percent butterfat and is made of cream, skim milk powder and water. It is marketed and generally used as a creamer, or whitener, for coffee.

Initially defendant's Market Administrator ruled that plaintiff's product was a fluid milk product regardless of the fact that it was sterilized and hermetically sealed. The plaintiffs petitioned the Secretary for relief from this claim of the Administrator. After a hearing, the Examiner ruled that the Administrator erred, and recommended that plaintiffs' petition for relief be granted. However, defendant's judicial officer overruled the hearing examiner and held that "Pour-Shun Pak" was properly classified in Class I. This petition for review followed.

Pursuant to Section (15) (B) of The Act the function of the court, on statutory appeal, is to determine from the record before the judicial officer whether this ruling is "in accordance with law." United States v. Mills, 315 F.2d 828, 836 (4th Cir. 1963), cert. denied Mills v. Freeman, 375 U.S. 819, 84 S.Ct. 57, 11 L.Ed.2d 54. After a most careful review of the record the court concludes that the interpretation of the Order made by defendant's judicial officer was unreasonable. An unreasonable interpretation of an Order such as this, which would require a substantial additional payment, cannot be considered to be in accordance with law. Crowley's Milk Co. v. Brannan, 198 F.2d 861 (2nd Cir. 1952).

As a general rule, courts attribute to the words of a statute their ordinary meaning. Similarly administrative orders, like statutes, are not to be given strained and unnatural constructions. Banks v. Chicago Grain Trimmers Ass'n., 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968); Barron Coop. Creamery v. Wickard, 140 F.2d

485 (7th Cir. 1944). Clearly, a literal reading of Order No. 4 indicates that any sterilized product in a hermetically sealed container is expressly excluded from the definition of fluid milk products.

■ However, the judicial officer rejected the clear meaning of the statute and rested his decision upon the history of the order provision. In 1956 the original Order which was issued in 1952 was amended and the new definition exempted sterilized products in hermetically sealed *containers*. Prior to this time the predecessor Order had specifically included, within Class I, milk not sterilized and not in hermetically sealed *cans*. It is defendant's contention that, since at the time of the amendment there were in existence no sterilized fluid milk products in hermetically sealed containers except *canned* evaporated and condensed milk, the word 'containers' in the present Order was used simply as a synonym for 'cans'. Secondly, the judicial officer concluded that the original exemption was not made only because of the sterilization and packaging but also because canned evaporated and condensed milk has to compete with less expensive manufacturing milk made into canned evaporated or condensed milk in other parts of the country and sold on a national market. Since there was no evidence that "Pour-Shun Pak" has to compete for sales with a similar product made from lower cost manufacturing milk it was concluded that this exemption was never intended to apply to a product such as "Pour-Shun Pak" but rather included only canned evaporated and condensed milk.

Initially, it is unclear as to why it was necessary to refer to the legislative history as an aid to interpreting the order language when the plain meaning of the language is explicit. Certainly situations exist where too literal a reading of a statute may materially alter the intended meaning. See Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed. 211 (1962). However, such is not the case here. The arguments advanced by defendant might very properly be made to a congressional committee or to the Secretary at the public hearing where he was seeking to amend the present Order. However, under present consideration is the Order as it now exists, not the Order as it could have been drafted or as perhaps it may be amended in the future. In examining the Order in force when the transactions in this case took place this court finds no ambiguity which would require resort to legislative history as an aid in determining any underlying purpose. The purpose of the Order is clear; to exclude from Class I any sterilized product in a hermetically sealed container. Any other conclusion would explicitly conflict with the clear meaning of the Order and thus serve to entrap rather than to guide those who are governed by the Order. Barron Coop. Creamery v. Wickard, *supra*.

In Leaman v. District of Columbia, 60 App.D.C. 395, 55 F.2d 1020 (1932), the court examined a statute which required that "cream" could not be brought into the District without a permit from the local health officer. Plaintiff argued that since the purpose of the statute was to prevent the sale of impure cream it was not applicable to sterilized cream since the process of sterilization met the objects of the statute, and that, therefore, this new method, not in existence when the act was passed, should not now be considered within its terms. The court held that the word "cream" in the statute was so plain as to leave no room for construction and therefore included sterilized cream, irrespective of the fact that the sterilization process negated the possibility that impure cream would be slipped into the District.

Similarly, the words "sterilized products in hermetically sealed containers" are so plain as to leave no room for construction. The fact that sterilized products, at the time of the amendment to the Order, may only have existed in hermetically sealed cans rather than containers does not change the fact that the Order was written to specifically exclude all sterilized products in hermetically

sealed containers and makes no distinction as to the types of containers in which the products are packaged. Thus, it is quite clear that the ruling of the judicial officer is not in accordance with law.

## ORDER

And now, this 15th day of July, 1970, it is hereby ordered that

(1) Plaintiffs' Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 is granted,

(2) Defendant's Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 is denied.