631 F.2d 1242
 Fred L. HAYNIE, Petitioner,
v.
TIDELAND WELDING SERVICE, United States Fidelity and
Guaranty Company and Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 80-3218
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit A
 Dec. 4, 1980.
 Martzell, Montero & Lamothe, Charles F. Gay, Jr., New Orleans, La., for petitioner.
 Barnett, Brown & Read, Wood Brown, III, New Orleans, La., for respondents.
 Petition for Review of an Order of the Benefits Review Board.
 Before BROWN, POLITZ and TATE, Circuit Judges.
 TATE, Circuit Judge:
 
 
 1
 The plaintiff-appellant, Fred Haynie, was injured on an offshore oil rig and instituted suit against Tideland Welding Service (Tideland) and United States Fidelity and Guaranty Company (USFG), Tideland's insurer, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. The Administrative Law Judge (ALJ) found that Haynie was not an "employee" of Tideland, 33 U.S.C. § 902, therefore denying his claim for compensation under the LHWCA; this decision was affirmed by the Benefits Review Board. Haynie appeals from the decision of the BRB, contending that Tideland was his employer, thus bringing him within the coverage of the LHWCA. Since under the "relative nature of the work" test there is insubstantial evidence supporting the findings of the ALJ and the Board, we reverse and remand for further proceedings.
 
 Facts
 
 2
 Fred Haynie was a wirelining specialist involved in the oil industry. In 1973, he entered into a verbal agreement with Tideland to "work under Tideland's insurance";[1] as part of the deal, Tideland received 10% of the revenue earned by Haynie.
 
 
 3
 Haynie performed work for several major companies (Texaco, Kerr-McGee, etc.), (Tx. 31); at the conclusion of each job, he would submit to the particular company for which he did the work a Tideland work ticket specifying the time spent. This would then be invoiced by Tideland and paid by the customer directly to Tideland. Tideland would then make a check payable to Haynie for 90% of the invoice. Neither federal income taxes nor social security taxes were withheld from these checks.
 
 
 4
 On the basis of this arrangement, Haynie contends that he is an "employee" under the provision of the LHWCA, 33 U.S.C. § 901, et seq.
 
 
 5
 Proper Test of Employer-Employee Relationship
 
 
 6
 Haynie appeals from the decision of the BRB which affirmed the finding of the ALJ that Haynie was not an employee of Tideland for the purposes of the LHWCA. He raises two principal issues: (1) The ALJ and the Board used the improper test, i. e., "the right to control details" test, in determining if an employer-employee relationship existed; and (2) if the proper test were used, Haynie would be found to be an employee of Tideland. The claimant also contends that, with so many factual indicia pointing to an employment relationship, the ALJ was in error in relying exclusively upon the "right to control" test in holding that substantial evidence obviated application of the statutory presumption that this claim falls within the coverage of the Act, see 33 U.S.C. § 920(a).
 
 Proper Standard
 
 7
 This court has only recently articulated the proper test to be used in determining the existence of an employer-employee relationship under the LHWCA. In Oilfield Safety and Machine Specialties, Inc. v. Harman Unlimited, Inc., 625 F.2d 1248 (5th Cir. 1980), this court held that "(t)he right to control test ... is inappropriate for the LHWCA" and that "(t)he test that best suits the principles of the LHWCA is ... the relative nature of the work test." Id. at 1253.
 
 
 8
 We summarized the test as follows, based largely on the jurisprudential analysis and summary found in 1 C. Larson, Workmen's Compensation Law § 43.42 (1980):
 
 
 9
 In determining the existence of an employee-employer relationship pursuant to this test, one examines the nature of the claimant's work in relation to the regular business of the employer. This examination must focus on two distinct areas: (A) the nature of the claimant's work and (B) the relation of that work to the alleged employer's regular business. In evaluating (A) the character of a claimant's work, a court should focus on various factors, including the skill required to do the work, the degree to which the work constitutes a separate calling or enterprise, and the extent to which the work might be expected to carry its own accident burden. In analyzing (B) the relationship of the claimant's work to the employer's business the factors to be examined include, among others, whether the claimant's work is a regular part of the employer's regular work, whether the claimant's work is continuous or intermittent, and whether the duration of claimant's work is sufficient to amount to the hiring of continuing services as distinguished from the contracting for the completion of a particular job.
 
 
 10
 Oilfield Safety, 625 F.2d at 1253 (citations omitted).
 
 
 11
 Was Haynie an Employee?
 
 
 12
 The ALJ and the Board found that Tideland did not have the right to exercise control over the details of Haynie's work; hence, he was held not to be an employee. In reaching this determination, it was noted that Haynie always used his own equipment (Tx. 61), taxes were never withheld by Tideland,[2] there was no evidence of Tideland having a right to control Haynie's work, and it was questionable if Tideland could remove him from a job by firing him. (Tx. 41, 58, 59)
 
 
 13
 As previously noted, however, the "right to control details" test, used in isolation, is not determinative of an employer-employee relationship under the LHWCA. Haynie's relation to Tideland must be examined in light of the "relative nature of the work" test.
 
 
 14
 The findings of the ALJ and the Board must be affirmed if supported by substantial evidence on the record considered as a whole. Banks v. Chicago Grain Trimmers Association, 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30 (1968); Oilfield Safety and Machine Specialties, Inc. v. Harman Unlimited, Inc., 625 F.2d 1248 (5th Cir. 1980). In light of the employee-employer relationship test adopted for this circuit in Oilfield Safety, we are unable to conclude that the finding by the ALJ and the Board of no employer-employee relationship between Haynie and Tideland was supported by substantial evidence.
 
 
 15
 On the other hand, the record on appeal is inadequate to ascertain whether or not Haynie was an employee of Tideland when utilizing the relative nature of the work test, especially with regard to the factors involving the relationship of the claimant's work to the employer's business (see (B) factors cited by Oilfield Safety, supra). A strong argument could be made that this hiatus should not delay recovery of benefits by the claimant, in view of the presumption in favor of coverage provided by Section 20(a) of the Act, 33 U.S.C. § 920(a). Nevertheless, Oilfield Safety, supra, has only recently clarified the proper test for the determination of whether an employment relationship exists in agreements such as the present; we therefore deem it more fair to remand to the administrative agency for further proceedings, in the light of the views here expressed, since the hearing was held and evidence educed on the basis that a different test applied.
 
 Conclusion
 
 16
 Accordingly, we vacate the denial to the claimant of compensation benefits, and we remand this claim to the administrative agency for further proceedings consistent with the views herein expressed.
 
 
 17
 VACATED AND REMANDED.
 
 
 
 [1]
 Neither the details nor the implication of "working under Tideland's insurance" was described in the record
 
 
 [2]
 In fact, prior to the accident, Haynie was not listed on the payroll. The sole exception to this is that taxes were withheld from Haynie's pay when he was placed on Tideland's payroll after his accident