AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, LOCAL 2612, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

Cal. No. 760, Docket 83–4145.

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1984.

Decided July 13, 1984.

---

88

Charles A. Hobbie, Washington, D.C. (Mark D. Roth, Acting Gen. Counsel, American Federation of Government Employees, Washington, D.C., on the brief), for petitioner.

William R. Tobey, Washington, D.C. (Ruth E. Peters, Sol., Steven H. Svartz, Deputy Sol., Federal Labor Relations Authority, Washington, D.C., on the brief), for respondent.

Before TIMBERS and VAN GRAAFEILAND, Circuit Judges, and RE *, Judge.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order of the Federal Labor Relations Authority dismissing an unfair labor practice complaint. The facts are not in dispute. The American Federation of Government Employees, AFL–CIO, Local 2612 (the Union) has been the exclusive bargaining representative of the civilian employees of Griffiss Air Force Base (Griffiss) since 1967. The Union and Griffiss were parties to a collective bargaining agreement which expired on May 20, 1979, but which the parties continued to apply in their day-to-day labor relations. Article 35 of the agreement provided for the withholding of Union dues from the paychecks of bargaining-unit employees who executed a standard form authorizing the deduction. Only unit personnel were eligible to participate in these dues check-off procedures, and the withholding was to terminate when an affected employee was transferred out of the unit or was promoted to a supervisory position. Section 7115(a) of Title 5 of the United States Code, enacted as part of the Civil Service Reform Act of 1978, gives federal agencies the authority to agree to dues check-off arrangements. Although Article 35 became part of the Union contract prior to 1978, it essentially paralleled the dues check-off provisions of the statute.

On July 5, 1978, Griffiss received a memorandum from the Headquarters Strategic Air Command informing it of a decision by the Federal Labor Relations Council (the Federal Labor Relations Authority's predecessor), concerning the recoupment of union dues erroneously deducted from the wages of non-unit employees. Because of this decision, Griffiss was instructed to screen its dues-withholding lists to determine whether any non-unit employees were having union dues deducted from their wages. If this was occurring, Griffiss was to discontinue the deductions and rectify past erroneous deductions.

In carrying out its instructions, Griffiss learned that, during the preceding six years, approximately 65 employees, who never had been, or had ceased to be, unit employees, had had union dues deducted from their paychecks. Griffiss informed the Union of these findings. Griffiss also told the Union that 37 employees were demanding reimbursement in the total amount of $2,884, and Griffiss requested that the Union remit this sum. When payment was not forthcoming, Griffiss indicated its intention to set off the $2,884 against the money it currently was deducting for dues.

The Union's attempt to enjoin the setoff in the United States District Court for the Northern District of New York held matters in abeyance for a number of months, but, after the Union's suit was dismissed for lack of jurisdiction, Griffiss proceeded with the setoff. Between September 12, 1980 and December 5, 1980, Griffiss set off

* Chief Judge, U.S. Court of International Trade, sitting by designation.

a total of $3,428, which it disbursed to employees.

The Union filed unfair labor practice charges against Griffiss and FLRA's General Counsel issued a complaint. A hearing was held before an Administrative Law Judge, who recommended dismissing on procedural grounds that part of the complaint dealing with the December 5th setoff. The ALJ concluded, however, that, in making the other setoffs, Griffiss had violated 5 U.S.C. § 7116(a)(1), (5), and (8) and breached the collective bargaining agreement. He recommended that Griffiss be ordered to repay the Union.

■ The FLRA disagreed. Observing that 5 U.S.C. § 7115(b) requires dues withholding to terminate when an employee leaves the bargaining unit, the Authority reasoned that the setoff was simply the correction of an administrative error, which was undertaken for the purpose of complying with the statutory mandate and therefore could not itself be a violation of the statute. Although the Authority's construction of a statute is entitled to deference, the courts are the final authorities on statutory construction. *SEC v. Sloan*, 436 U.S. 103, 117–18, 98 S.Ct. 1702, 1711–12, 56 L.Ed.2d 148 (1978). We believe that the Authority misinterpreted section 7115.

Section 7115(a) provides in pertinent part that "[i]f an agency [Griffiss] has received from an employee in an appropriate unit a written assignment which authorizes the agency to deduct from the pay of the employee amounts for the payment of regular and periodic dues of the exclusive representative of the unit, the agency shall honor the assignment and make an appropriate allotment pursuant to the assignment." In drafting this section, Congress rejected proposals for mandatory payment by all unit employees, as well as proposals providing that dues check-off would be a matter negotiated between federal agencies and unions that act as exclusive employee representatives. *See* H.R.Rep. No. 1403, 95th Cong., 2d Sess. 48 (1978), *reprinted in* Subcommittee on Postal Personnel & Modernization of the House Comm. on Post Office & Civil Service, 96th Cong., 1st Sess., *Legislative History of the Federal Service Labor-Management Relations Statute*, Title VII of the Civil Service Reform Act of 1978, at 694 (1979) (hereinafter cited as *Legislative History* ); Conf.Rep. No. 1717, 95th Cong., 2d Sess. 155 (1978), p. 2723, News 1978, & Admin U.S.Code Cong. *reprinted in Legislative History* at 823; 124 Cong.Rec. H9637 (daily ed. Sept. 13, 1978) (statement of Rep. Clay), *reprinted in Legislative History* at 931; 124 Cong. Rec. at H9639 (daily ed. Sept. 13, 1978) (statement of Rep. Collins), *reprinted in Legislative History* at 936.

Instead of adopting these proposals, Congress provided that no dues could be deducted from an employee's paycheck unless he authorized the deduction. Consonant with its intent to allow the employee alone to control the manner of dues payment, Congress fashioned section 7115(a) so that an agency's obligation to honor dues checkoff authorizations is mandatory and nondiscretionary. The section states that an "agency *shall* honor the assignment [of dues] and make an appropriate allotment pursuant to the assignment." 5 U.S.C. § 7115(a) (emphasis supplied). "Shall" is ordinarily the language of command and indicates a mandatory intent unless a convincing argument to the contrary is made. *See, e.g., Manatee County, Fla. v. Train*, 583 F.2d 179, 182 (5th Cir.1978); *Association of Am. Railroads v. Costle*, 562 F.2d 1310, 1312 (D.C.Cir.1977).

Moreover, the word "allot" has a well-established meaning in the law, *i.e.*, "[t]o set apart a thing to a person as his share; to set apart a portion of a particular thing or things to some particular person." 3A C.J.S. *Allot*, at 253; *see Affiliated Ute Citizens v. United States*, 406 U.S. 128, 142, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972); *United States v. Parker*, 376 F.2d 402, 405–07 (5th Cir.1967). In the absence of evidence to the contrary, we must assume that, when Congress provided that the agency shall "make an appropriate allotment pursuant to the assignment", it intended to give the word "allotment" its

ordinary meaning. *See Banks v. Chicago Grain Trimmers Ass'n,* 390 U.S. 459, 465, 88 S.Ct. 1140, 1144, 20 L.Ed.2d 30 (1968). In short, in view of the clear and specific language of section 7115(a), we conclude that those unit members who assigned portions of their wages during September, October, and November 1980 for payment of union dues, had the right to expect that the money would be used for that purpose.[1]

Section 7116(a)(8) of Chapter 71 makes it an unfair labor practice for an agency to "fail or refuse to comply with any provision of this chapter." Because the failure of Griffiss to comply with the provisions of section 7115(a) falls squarely within the ban of section 7116(a)(8), we need not now decide whether it is also an unfair labor practice under section 7116(a)(1) and (5).

The petition for review is granted, and the decision of the FLRA is set aside. The case is remanded to the FLRA for further proceedings consistent with this opinion.

---

**1.** In so holding, we do not decide whether Griffiss has a claim against the Union which it could pursue in some other fashion.