908 F.2d 966
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roscoe DENNY, Petitioner,
v.
NORFOLK & WESTERN RAILWAY, Director, Office of Workers
Compensation Programs, United States Department of
Labor, Respondents.
 No. 89-2213.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 13, 1990
Decided July 11, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB No. 87-3286-BLA)
 John Skaggs, Calwell, McCormick & Peyton, L.C., Charleston, W.V., for petitioner.
 Douglas A. Smoot, Jackson & Kelly, Charleston, W.V., Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Michael J. Rutledge, Assistant Counsel for Administrative Litigation and Legal Advice, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case presents another situation evocative of some sympathy for someone claiming to be a miner asserting disability benefits. The status of a miner is asserted on the basis of appellant Roscoe Denny's employment by the Norfolk & Western Railway Company. His job was to repair railroad tracks in the vicinity of coal production with concomitant exposure to substantial amounts of coal dust. It is, however, not incumbent on us to determine whether Denny was a coal miner since the ALJ's determination that disability had not been adequately shown, affirmed by the Benefits Review Board, disposed of the case.
 
 
 2
 Denny and the railroad presented conflicting medical testimony. Dr. Haikal found significant chronic obstructive pulmonary disease directly relating to occupational exposure to coal dust. Dr. Haikal further concluded that Denny was permanently and totally disabled.
 
 
 3
 Norfolk and Western Railroad Company produced a report of Dr. Zaldivar, who concluded on the other hand that Denny did not have pneumoconiosis and was not totally disabled. The ALJ, therefore, had a classic case of conflicting testimony. Since there was testimony either way, our duty is to defer to the trier of fact "if supported by substantial evidence on the record considered as a whole." Banks v. Chicago Grain Trimmers Association, 390 U.S. 459, 467 (1968).
 
 
 4
 We have found the briefs and record adequate to permit us to reach the decision without recourse to oral argument. The determination of the Benefits Review Board is consequently
 
 
 5
 AFFIRMED.