47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Martha W. WILLIAMS, Petitioner,
v.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY; Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 94-1427.
 United States Court of Appeals, Fourth Circuit.
 Argued: December 5, 1994.
Decided: February 3, 1995.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-2246)
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 ARGUED: Robert Elliott Walsh, Rutter & Montagna, Norfolk, VA, for Petitioner. Laura Jessica Stomaski, Office of Solicitor, United States Department of Labor, Washington, DC, for Respondent Director; Shannon T. Mason, Jr., Mason & Mason, Newport News, VA, for Respondent Newport News Shipbuilding. ON BRIEF: Thomas S. Williamson, Jr., Solicitor of Labor, Carol A. De Deo, Associate Solicitor, Samuel J. Oshinsky, Counsel for Longshore, Office of the Solicitor, United States Department of Labor, Washington, DC, for Respondent Director; Melissa Robinson Link, Mason & Mason, Newport News, VA, for Respondent Newport News Shipbuilding.
 Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and CURRIE, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is an action under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. [hereinafter "the Act"], to review a final decision of the Benefits Review Board denying Petitioner benefits. The Board reversed an Administrative Law Judge's [hereinafter "ALJ"] finding that Petitioner was entitled to benefits under the Act. The issue before us is whether the Benefits Review Board exceeded its scope of review in concluding that Petitioner's work duties made her subject to the Act's exclusion from coverage for employees who perform office clerical duties, see 33 U.S.C. Sec. 902(3), where the ALJ factfinder failed to expressly determine that Petitioner's duties were exclusively clerical and performed exclusively in a business office. Because we determine that the Board exceeded its authority, the Board's decision is vacated.
 
 
 2
 In reviewing the factual findings of an ALJ, the Board's scope of review is limited by 33 U.S.C. Sec. 921(b)(3), which provides that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." The ALJ's findings are to be affirmed by the Board if they are supported by substantial evidence in the record when considered as a whole, if they are rational, and if the decision is in accordance with the law. Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459 (1968). This court reviews the Board's decision under the same standard as that by which the Board reviews the decision of the ALJ. Walker v. Director, Office of Workers' Compensation Programs, United States Department of Labor, 927 F.2d 181, 183 (4th Cir.1991). The court reviews de novo the ALJ's decisions of law, and decides whether there is substantial evidence in the record as a whole supporting the ALJ's decision. Thorn v. Itmann Coal Co., 3 F.3d 713 (4th Cir.1993).
 
 
 3
 Petitioner suffered a work-related injury while employed at Newport News Shipbuilding and Dry Dock Company [hereinafter "Respondent"]. She filed a timely claim for compensation benefits under the Act, which was denied by Respondent on the grounds that she was not a "maritime employee" within the meaning of the Act, 33 U.S.C. Sec. 902(3). The matter came before the ALJ for a hearing on January 7, 1992, in which Respondent stipulated that Petitioner worked within a maritime situs and therefore met the situs requirement of the Act. This left Petitioner's status under the Act for determination by the ALJ.
 
 
 4
 Petitioner testified at the hearing before the ALJ that in 1985, the year of her injury, she had been employed by Respondent for thirteen years as a "reproduction clerk." She worked exclusively in Building 86, and was not required to leave that building. Her duties included making copies of various documents or drawings; operating blueline machinery, which originates blueprints; operating camera equipment to reduce and enlarge drawings; operating a Xerox machine; folding blueprint drawings by hand or by machine; and manually opaquing negatives to remove defects. On occasion, she loaded film into the camera, refilled paper in the blueline machine, and removed any negatives or items that were stuck in the machine. Petitioner received her assignments from a supervisor who generally had direct contact with the requesting department. On occasion, Petitioner had contact with waterfront employees at the office counter.
 
 
 5
 To receive compensation under the Act, a worker must be a maritime employee and the injury must have occurred in an area encompassed by the Act. See generally Northeast Marine Terminal v. Caputo, 432 U.S. 249 (1977). Coverage extends not only to workers injured on navigable waterways, but also to those injured in the immediate waterfront area who participate in ongoing longshoring operations. Chesapeake & Ohio Ry. v. Schwalb, 493 U.S. 40 (1989). As amended in 1984, the Act specifically denies coverage to those individuals employed exclusively to perform office clerical work. Section 2(3) of the Act, as amended, provides, in part:
 
 
 6
 The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and shipbreaker, but such term does not include--
 
 
 7
 (A) individuals employed exclusively to perform office clerical, secretarial, security, or data processing work;....
 
 
 8
 33 U.S.C. Sec. 902(3). To meet the status requirement of the Act, an employee must perform necessary, essential, and integral work directly related to the shipbuilding, ship repairing, or longshoring process. Northeast Marine Terminal Co. v. Caputo, 432 U.S. at 273.
 
 
 9
 The ALJ concluded that Petitioner's job was an integral part of Respondent's shipbuilding process, without which the construction and repair of ships would be delayed, and he therefore found Petitioner covered. The Board, however, considered Petitioner's duties similar to those of a photocopy operator, characterizing them as "purely clerical and [which], in fact, did not require her to leave the office." (J.A. at 9). Accordingly, the Board found Petitioner subject to the clerical exclusion of section 2(3) and reversed the ALJ's decision.
 
 
 10
 Inquiry into the status of a worker is inherently fact specific. Compare McDermott Int'l, Inc., v. Wilander, 111 S.Ct. 807 (1991) (Act's exclusion for members of a crew of any vessel, 33 U.S.C. Sec. 902(3)(G), is "of necessity fact-specific," 111 S.Ct. at 818). Although the ALJ made general factual findings regarding Petitioner's duties, the ALJ failed to consider the nature of the different skills required, and the ultimate questions whether Petitioner's duties were exclusively clerical and performed exclusively in a business office. Thus, the ALJ erred in failing to address whether Petitioner was otherwise excluded from the Act's coverage because her work, although maritime in nature, was nonetheless exclusively clerical.
 
 
 11
 In its review of the ALJ's decision, the Board correctly highlighted the critical inquiry concerning the clerical exclusion, but then erred in failing to remand the case to the ALJ to make necessary factual findings as to whether Petitioner's duties were exclusively clerical and performed exclusively in a business office. Rather, the Board exceeded the scope of its review, and engaged in its own factfinding by concluding that the office clerical exclusion applies. The Board's invasion of the factfinder's responsibility was clear error. On remand, the ALJ shall consider the nature of Petitioner's varied duties, determine whether she performed exclusively clerical duties, and whether those duties were performed exclusively in a business office.
 
 
 12
 This case is vacated and remanded to the Benefits Review Board for further proceedings consistent with this opinion.
 
 VACATED AND REMANDED