**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES DICKERSON,
Petitioner,

v.                                                    No. 96-2527

MAERSK CONTAINER SERVICE,
Respondent.

On Petition for Review of an Order
of the Benefits Review Board.
(No. 94-771)

Submitted: March 13, 1997

Decided: March 21, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Paul Gibson, Allison A. Stover, RIESEN LAW FIRM, L.L.P.,
North Charleston, South Carolina, for Petitioner. Stephen E.
Darling,
SINKLER & BOYD, P.A., Charleston, South Carolina, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Dickerson seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's ("ALJ") denial of workers' compensation benefits. Because we find that the Board's decision is based upon substantial evidence and is without reversible error, we affirm.

Dickerson was a longshoreman, and it is undisputed that he injured his shoulder at work in April 1990. Dickerson did not work from April 1990 until October 12, 1990, when his treating physician cleared him to go back to work.* After about two weeks, however, Dickerson began complaining of pain in his shoulder and missed time from work. Dickerson worked intermittently from October 1990 until May 1991. During this period, Dickerson missed several days of work, and his treating physician limited the type of work Dickerson could do. Dickerson admitted that these limitations kept him from doing the type of work he used to perform and thus limited the number of days he could work. Dickerson's treating physician released him from treatment in May 1991 and assigned him a 30% impairment rating. Dickerson filed a claim for additional benefits in March 1992, covering the period from October 1990 until May 1991. The ALJ denied Dickerson's claim on the ground that it was time-barred.

Dickerson concedes that the ALJ's decision must be affirmed if it is rational, in accordance with the law, and there is substantial evidence to support it. 33 U.S.C. § 921 (1994); <u>Banks v. Chicago Grain Trimmers Ass'n</u>, 390 U.S. 459, 467 (1968). This court reviews the Board's decision for errors of law and deviations from the statutory conclusiveness afforded to the ALJ's findings. <u>See v. Washington Metro. Area Transit Auth.</u>, 36 F.3d 375, 380 (4th Cir. 1994).

There is a one year statute of limitations on all claims for workers' compensation benefits which commences on the date that the claimant knew or should have known that his injury was likely to impair

_____

*Dickerson received total benefits during this period. However, the payments stopped after Dickerson was cleared to return to work.

his earning capacity. 33 U.S.C. § 913 (1994); <u>Newport News Ship-building & Dry Dock Co. v. Parker</u>, 935 F.2d 20, 27 (4th Cir. 1991). While Dickerson may not have known the extent of his impairment until May 1991, we find substantial evidence supports the ALJ's finding that Dickerson knew or should have known that he was impaired to some degree in October 1990, when he began missing significant amounts of work and when his treating physician limited the types of work he could perform due to his shoulder injury. Moreover, the ALJ properly concluded that the statute of limitations commenced in October 1990, making Dickerson's claim filed in May 1992 untimely.

We therefore affirm the order of the Benefits Review Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3