**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
Petitioner,

v.

No. 96-2647

STANLEY K. JUSTICE; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(No. 96-1868)

Argued: October 3, 1997

Decided: October 20, 1997

Before WIDENER and MOTZ, Circuit Judges, and MICHAEL,
Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Benjamin McMullan Mason, MASON & MASON, P.C.,
Newport News, Virginia, for Petitioner. Kevin William Grierson,
JONES, BLECHMAN, WOLTZ & KELLY, P.C., Newport News,

Virginia, for Respondents. **ON BRIEF:** Richard B. Donaldson, Jr., JONES, BLECHMAN, WOLTZ & KELLY, P.C., Newport News, Virginia, for Respondent Justice.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Newport News Shipbuilding and Dry Dock Company (the Employer) appeals an order awarding Stanley Justice, a former employee, benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 (West 1986 & Supp. 1997) (the Act). We affirm.

Justice was injured while working as a mechanic for the Employer in 1988. He sustained permanent physical injuries that prevent him from climbing ladders and lifting from a bent position amounts in excess of thirty pounds. Because the Employer did not have work for Justice with his physical limitations, Justice was terminated after his accident.

Under the Act, any employee unable to return to his former position is considered totally disabled unless and until his employer can demonstrate the existence of suitable alternative employment. In order to meet this burden, an employer must establish realistically available job opportunities, within the geographical area where the employee resides, which he is capable of performing, considering his age, education, work experience, and which he could secure if he diligently tried. See <u>See v. Washington Metro. Area Transit Auth.</u>, 36 F.3d 375, 380 (4th Cir. 1994); <u>Trans-State Dredging v. Benefits Review Bd.</u>, 731 F.2d 199, 201 (4th Cir. 1984). Wages earned from such suitable alternative employment demonstrate wage-earning capacity. However, the Act specifically provides:

2

> The term wages [under the Act] does not include fringe benefits, including (but not limited to) . . . training. . . .

33 U.S.C.A. § 902(13).

Justice participated in a federally funded tuition program at Thomas Nelson Community College, which involved on-the-job training at the National Aeronautics and Space Administration (NASA). During the day, students followed and assisted NASA employees or spent their time at NASA doing homework for college classes; at night they attended classes. The students received biweekly stipends from NASA out of which they were expected to purchase their books; the stipends did not vary depending on the number of hours spent at NASA. The program continued for a year and was designed to prepare participants for NASA jobs, if vacancies existed. However, there was no promise of NASA employment at the end of the program, and when Justice completed the program, NASA was experiencing a hiring freeze and did not employ any of the program's participants.

The Employer contends that Justice's participation in the NASA program demonstrates the availability of suitable alternative employment, and that the stipends paid to Justice by NASA constitute wages, demonstrating wage-earning capacity. The administrative law judge, in an opinion affirmed by the Benefits Review Board pursuant to 33 U.S.C.A. § 921(b), specifically found that Justice's "participation in the NASA co-op program is training" within the meaning of the Act. For this reason, the administrative law judge concluded that the stipend that NASA paid to Justice did not constitute wages or evidence of wage-earning capacity.

An administrative law judge's findings of fact must be affirmed if supported by substantial evidence in the record as a whole. 33 U.S.C.A. § 921(b)(3); Banks v. Chicago Grain Trimmers Ass'n., 390 U.S. 459, 467 (1968); Zapata Haynie Corp. v. Barnard, 933 F.2d 256, 258 (4th Cir. 1991); Zbosnik v. Badger Coal Co. , 759 F.2d 1187, 1189 (4th Cir. 1985). After careful review of the record, the parties' briefs, and with the benefit of oral argument, we can only conclude that sufficient evidence supported the finding that the NASA program constituted training.

3

The Employer also asserts that the administrative law judge erred in finding <u>sua sponte</u> that Justice was permanently disabled, without giving the Employer adequate time to develop evidence to dispute that finding. An administrative law judge properly acts within his discretion in raising and deciding an issue <u>sua sponte</u>. <u>See</u> 20 C.F.R. § 702.336. Here, the administrative law judge provided the Employer almost two weeks to proffer evidence "tending to negate permanency;" the regulations require only ten days' notice. 20 C.F.R. § 702.336(b). The record contains no indication that the Employer ever notified the administrative law judge that the two-week period was inadequate. Accordingly, we must reject the Employer's claim that the administrative law judge abused his discretion in <u>sua sponte</u> finding Justice permanently disabled.

<u>AFFIRMED</u>

4