# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 00-60379
Summary Calendar

—————————

TRANSOCEAN TERMINAL OPERATORS
AND
SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD.,

Petitioners,

VERSUS

CHARLES BERRY,
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondents.

—————————

Petition for Review of a Decision
of the Benefits Review Board
(99-796)

—————————

January 5, 2001

Before JOLLY, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

Transocean Terminal Operators ("Transocean") and Signal Mutual Indemnity Association, Inc. ("Signal"), petition for review of an order of the Benefits Review Board ("BRB") awarding disability compensation benefits. Concluding that the

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited (continued...)

—————————

[*](...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

decision of the administrative law judge ("ALJ") is supported by substantial evidence, we deny the petition for review and affirm the decision of the BRB.

## I.

The disability award was made pursuant to a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*. Charles Berry suffered dehydration and acute renal failure while working as a freight handler for Transocean. The parties were unable to resolve the claim administratively, and after a formal hearing the ALJ found that Berry's disability became permanent partial as of October 28, 1996, the date on which Berry reached maximum medical improvement. This status enables him to receive disability compensation benefits.

Dissatisfied with the ruling, Transocean filed a motion for reconsideration. In denying the motion, the ALJ stressed that "[e]very scintilla of evidence in th[e] matter was thoroughly and cautiously analyzed, discussed and accorded the weight and credit it deserved." The ALJ was unpersuaded that the testimony of Dr. Epsenan, the medical expert offered by Transocean, warranted greater probative weight than did that of Dr. Mims, a nephrologist whom saw Berry multiple times, or of Dr. Vorhoff, Berry's treating physician.

Transocean appealed to the BRB, which affirmed, finding that the ALJ had provided an "extensive and rational explanation" for why Mims's and Vorhoff's opinions were credited over Epsenan's and why Berry's injury was properly classified as permanent.

## II.

We review decisions of the BRB using the same standard the BRB applies to review a decision of the ALJ: whether the decision is supported by substantial evidence and is in accordance with law. *New Thoughts Finishing Co. v. Chilton*, 118 F.3d 1028, 1030 (5th Cir. 1997). Thus, neither the BRB nor this court has authority to engage in a *de novo* review of the evidence or to substitute its views for those of the ALJ. *Banks v. Chicago Grain Trimmers Ass'n*, 390 U.S. 459 (1968); *Calbeck v. Strachan Shipping Co.*, 306 F.2d 693 (5th Cir. 1962).

That the facts may permit diverse inferences is immaterial. *Presley v. Tinsley Maintenance Serv.*, 529 F.2d 433 (5th Cir. 1976). Rather, the findings of the ALJ must be accepted unless unsupported by substantial evidence in the record considered as a whole, *O'Leary v. Brown-Pacific-Maxon*, *Inc.*, 340 U.S. 504, 508 (1951), or unless they are irrational, *O'Keeffe v. Smith Assocs.*, 380 U.S. 359, 362 (1965). This standard applies because it is the ALJ who alone is charged with selecting the inference that seems most reasonable. *Cardillo v. Liberty Mut. Ins. Co.*, 330 U.S. 469 (1947). Moreover, we must resolve all doubts "in favor of the employee in accordance with the remedial purposes of the LHWCA." *Empire United Stevedores v. Gatlin*, 936 F.2d 819, 822 (5th Cir. 1991).

Transocean nonetheless asks us to reweigh the evidence and find that Espenan's testimony is dispositive. We decline to do so. The BRB found that the ALJ had "provided an extensive and rational explanation for crediting the opinions of Drs. Mims and Vorhoff to find claimant suffered from acute renal failure in 1996 and could not return to his usual work." The ALJ's reasoning was transparent and explicit in his twenty-three page decision. This reasoning was reiterated in his order denying

reconsideration.

Whether Berry's non-work related high blood pressure or his working conditions were a greater cause of his episode of acute dehydration was a question of fact that the ALJ found in Berry's favor. The ALJ's decision is supported by substantial evidence, and we will not replace it with our own.

The petition for review is DENIED, and the decision of the BRB, affirming the decision of the ALJ, is AFFIRMED.