

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONEL GARCIA MARTINEZ, | No. 22-57 |
| Petitioner, | Agency No. A079-641-731 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2023**
San Francisco, California

Before:  S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Leonel Garcia Martinez, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") opinion affirming an Immigration

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge's ("IJ") decision denying his applications for adjustment of status, a waiver of inadmissibility, asylum, and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a) and we deny the petition in part and dismiss it in part. We review an IJ's denial of a continuance for abuse of discretion and questions of law, including due process claims, de novo. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). Because the parties are familiar with the facts of the case, we recount them here only as necessary.

1. Garcia Martinez was not denied due process when the IJ declined to continue all testimony at the December 2019 asylum hearing. To prevail on his due process claim, Garcia Martinez must show that his proceedings were "so fundamentally unfair" that he could not reasonably present his case. *Id.* (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). When a due process claim is based on a denial of a continuance, we determine whether the IJ abused his or her discretion by considering factors including: "(1) the nature of the evidence excluded as a result of the denial of the continuance; (2) the reasonableness of the immigrant's conduct; (3) the inconvenience to the court; and (4) the number of continuances previously granted." *Id.* at 1110. We also consider whether the applicant was previously warned and understood that no further continuances would be granted. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).

Here, the IJ granted a partial continuance so that Garcia Martinez could work with an attorney to revive his lapsed adjustment of status application. The IJ acted reasonably in proceeding to take pro se testimony on the asylum and withholding claims scheduled for that day because Garcia Martinez had already received several continuances and been told that no more would be granted, and clarified that his attorney would not be representing him for the asylum proceedings. Although the pro se asylum testimony impacted Garcia Martinez's adjustment proceedings because the IJ relied on that testimony in finding Garia Martinez had committed a violent or dangerous crime, Garcia Martinez was able to reasonably present his adjustment claim. While represented at a later hearing, Garcia Martinez testified again to the circumstances of his conviction and was not prevented from elaborating on the events or explaining or qualifying his past testimony with the assistance of counsel. As the proceedings were not fundamentally unfair, Garcia Martinez's due process claim fails.

2. We lack jurisdiction over Garcia Martinez's claim that the IJ made findings that are contradicted by the record. *See Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (holding federal courts do not have "jurisdiction to review facts found as part of discretionary-relief proceedings," including adjustment of status and waivers of inadmissibility).

3. The remainder of Garcia Martinez's claims based on the agency's treatment of the evidence fail on the merits. The BIA did not ignore Garcia Martinez's December 2019 testimony, as the opinion explicitly refers to that testimony. *See Szonyi v. Barr*, 942 F.3d 874, 896–97 (9th Cir. 2019).

The IJ did not need to allow Garcia Martinez to explain the inconsistencies between his December 2019 and March 2020 testimony. The requirement that the IJ afford applicants an opportunity to explain inconsistencies only attaches when the IJ makes an adverse credibility finding. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021); *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999) *superseded by statute on other grounds as stated in Xia Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (per curiam); *see also Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir. 2003) (recognizing that the BIA may in some circumstances make a de facto adverse credibility finding). Here, the IJ did not make an explicit or de facto adverse credibility finding, but rather resolved some inconsistencies in testimony by crediting the version the IJ found more persuasive. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (factfinders in immigration proceedings are "free to credit part of a witness' testimony without necessarily accepting it all" (quoting *Banks v. Chi. Grain Trimmers Assn., Inc.*, 390 U.S. 459, 467 (1968) (internal quotation marks and alterations omitted))).

4.  We need not reach Garcia Martinez's arguments that his 2017 conviction was not for a violent or dangerous crime and that the BIA misapplied the exceptional and extremely unusual hardship standard by ignoring the hardships he and his siblings would face upon his removal.  The BIA's denial of relief as a matter of discretion is independently dispositive of Garcia Martinez's adjustment of status and waiver of inadmissibility applications.  *Patel*, 142 S. Ct. at 1619 (explaining that discretion is a separate hurdle from eligibility, and that if the IJ "decides that denial would be appropriate regardless of eligibility, the judge need not address eligibility at all"); 8 U.S.C. §§ 1255(a), (i), 1182(h)(1)(B); 8 C.F.R. § 1212.7(d).  As Garcia Martinez does not raise any challenge to the discretionary denial beyond his due process and evidentiary claims, discussed above, we need not reach these challenges to the BIA's eligibility determinations.  *See Mendez-Alcaraz v. Garland*, 464 F.3d 842, 844 (9th Cir. 2006).

**PETITION DENIED IN PART, DISMISSED IN PART.**