**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0556n.06

Case No. 18-3838

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>

STAR FIRE COALS, INC. and OLD REPUBLIC
INSURANCE COMPANY,

      Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR and MARJORIE NAPIER,

      Respondents.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**FILED**
Nov 04, 2019
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
OF ORDERS OF THE
BENEFITS REVIEW
BOARD, UNITED STATES
DEPARTMENT OF LABOR

</td></tr>
</table>

BEFORE: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. After two decades of administrative hearings, the main question this case presents is issue exhaustion. Marjorie Napier filed a survivor's claim for benefits under the Black Lung Benefits Act ("Act"), as amended, 30 U.S.C. §§ 901–44. Elhanan Napier, Mrs. Napier's husband, worked for Star Fire Coals, Inc. Petitioner Old Republic Insurance Company insured Star Fire Coals. After many requests for modification, an Administrative Law Judge ("ALJ") ultimately awarded Mrs. Napier benefits. Petitioners (collectively "Star Fire") argue that (1) this matter requires remand before a properly appointed ALJ in accordance with *Lucia v. SEC*, 138 S. Ct. 2044 (2018); (2) the ALJ lacked substantial evidence when awarding benefits; and (3) Mrs. Napier could not make multiple requests for modification during the administrative process. Given this court's recent decision on issue exhaustion, *Island Creek Coal*

*Co. v. Bryan,* the appointment argument fails. 937 F.3d 738 (6th Cir. 2019). We also conclude that substantial evidence supported the ALJ's factual findings. And because this circuit's precedent allows multiple requests for modification in Black Lung cases, even when the requester provides no new evidence, we DENY the petition for review.

I.

This case has a long history. The district director at the Department of Labor denied Mrs. Napier's initial survivor's claim because she failed to show that her husband had pneumoconiosis or that he died from it. Mrs. Napier petitioned the district director to modify the decision, submitting new evidence when doing so. The district director awarded benefits based on this new evidence.

Star Fire requested that the district director transfer the claim to the Office of ALJs. ALJ Thomas F. Phalen, Jr. ruled for Star Fire, denying benefits. Mrs. Napier requested modification a second time. The district director denied Mrs. Napier's request for failure to provide additional medical evidence. Mrs. Napier filed a third request for modification with the district director. Although Mrs. Napier submitted additional evidence this time, the district director still denied her benefits because she failed to establish a mistake in determination of fact. Mrs. Napier asked that the case go to the Office of ALJs for a formal hearing. There, ALJ John P. Sellers, III denied benefits. Mrs. Napier requested modification a fourth time.

ALJ Jennifer Gee then took the case and found that Mrs. Napier established a mistake in determination of fact. Judge Gee also found that granting the request for modification would render "justice under the Act" and awarded benefits. (CA6 R. 25, ALJ Gee Decision & Order, App. 029–30.) She explained that Judge Sellers concluded that Mr. Napier had coal dust-induced emphysema and that he died from emphysema, but that he did not die from the coal dust-induced

emphysema. According to Judge Gee, this logical leap required an explanation that Judge Sellers failed to provide. In searching for the connection, Judge Gee found Dr. Joshua Perper, Mrs. Napier's expert, more credible than Dr. Everett Oesterling, Star Fire's expert. Judge Sellers improperly found Dr. Oesterling more credible, Judge Gee determined. Judge Sellers did not credit Dr. Perper's distinction between silica dust and less harmful coal dust. If Judge Sellers had done so, he may have weighed Dr. Perper's conclusions differently, according to Judge Gee.

Star Fire appealed the award of benefits to the Benefits Review Board, arguing that (1) Judge Sellers, who issued the decision before Mrs. Napier's most recent request for modification, should have received the case; (2) the ALJs should not have allowed Mrs. Napier to request modification so many times; (3) Judge Gee erred in finding that Mr. Napier had pneumoconiosis; and (4) Judge Gee erred in finding that granting the request for modification would render justice under the Act. The Benefits Review Board found no abuse of discretion in Judge Gee's decision and affirmed.

Star Fire then filed a motion for reconsideration with the Benefits Review Board. In the motion for reconsideration, Star Fire argued for the first time that the appointment of Department of Labor ALJs violated the Appointments Clause of the Constitution, Art. II § 2, cl. 2. The Benefits Review Board denied the motion, and Star Fire timely petitioned this court for review. On appeal, Star Fire also argues that the decision was unsupported by substantial evidence and that Mrs. Napier could not request modification as many times as she did.

## II.

We begin with the Appointments Clause argument. Forfeiture is a question of law, and this court reviews legal findings of the ALJs and the Benefits Review Board de novo. *Creek Coal Co., Inc. v. Bates*, 134 F.3d 734, 737 (6th Cir. 1997). But this court reviews Benefits Review

3

Board findings about the timeliness of challenges for abuse of discretion. *Greene v. King James Coal Mining, Inc.*, 575 F.3d 628, 639 (6th Cir. 2009).

Star Fire contends that the Secretary of Labor's appointment of ALJs to hear Black Lung Benefits claims is improper. But the question here is whether Star Fire sufficiently raised this issue in the administrative proceedings to avoid forfeiture. And in a recently published opinion, this court addressed this exact issue. *See Bryan*, 937 F.3d at 750. In *Bryan*, we found that the Act requires issue-exhaustion. *Id.* at 749. This means that parties appealing to the Benefits Review Board must raise specific issues with the Benefits Review Board to preserve those issues for judicial review. *Id.* at 750. This court's "decades-long precedent has refused to consider issues that parties failed to present to the [Benefits Review] Board." *Id.* The petitioners in that case first challenged the appointment of ALJs in a motion for reconsideration with the Benefits Review Board. *Id.* at 744–45. This court held that claims are not properly exhausted before the Benefits Review Board when they are first raised during a motion for reconsideration. *Id.* at 751. The petitioners therefore forfeited the Appointments Clause argument. *Id.* No exhaustion exception applied. *Id.* at 751–54.

Like the petitioners in *Bryan*, Star Fire did not raise its Appointments Clause argument until its motion for reconsideration before the Benefits Review Board. Thus, it did not properly exhaust this issue before the Board and forfeited the claim.

III.

We next address whether the Board correctly found that Judge Gee relied on substantial evidence when finding mistakes in Judge Sellers's determinations of fact. When reviewing an ALJ's conclusion based on "conflicting medical evidence, our scope of review is exceedingly narrow." *Peabody Coal Co. v. Odom*, 342 F.3d 486, 489 (6th Cir. 2003). We review a factual

finding of an ALJ "to determine whether it is supported by substantial evidence and is consistent with applicable law." *Id.* Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938). If substantial evidence exists for an ALJ's factual findings, we do not disturb them, even if substantial evidence also supports the contrary. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 247 (6th Cir. 1995). When ALJ findings are supported by substantial evidence, we defer to their determinations about credibility and the weight given to medical opinions. *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1072 (6th Cir. 2013). Whether a medical opinion is well-reasoned is a determination also left to the ALJ, not this court. *Id.*

Judge Gee found mistakes of fact when analyzing Judge Sellers's determination. We agree with the Board's reasoning in determining that substantial evidence existed to support this award of benefits, given those mistakes.

First, Judge Gee found it contradictory for Judge Sellers to say that Mr. Napier's smoking-induced panlobular emphysema—and not his coal dust-induced centrilobular emphysema—caused his death. She described this common-sense issue: "[H]ow . . . could [Elhanan Napier] have two types of emphysema and yet only one contributed to his death[?]" (CA6 R. 25, ALJ Gee Decision & Order, App. 024.) As the Board noted, Judge Gee correctly found it odd that Judge Sellers "credited both Dr. Perper's opinion that coal dust contributed to the [m]iner's emphysema and Dr. Oesterling's opinion that emphysema unrelated to coal dust exposure contributed to the [m]iner's death." (*Id.*, Board Decision & Order, App. 012 (alterations in original).) She emphasized that Judge Sellers never explained how both premises could logically exist.[1]

---

[1] Star Fire contends that before ultimately crediting Dr. Perper's opinion more than Dr. Oesterling's, Judge Gee impermissibly searched outside the record for information about Dr. Oesterling's previous opinions in other cases. We find that substantial evidence supports Judge

In trying to reconcile this discrepancy, Judge Gee ultimately chose Dr. Perper's testimony over Dr. Oesterling's. She noted that Judge Sellers did not credit Dr. Perper's conclusions enough because Judge Sellers incorrectly thought silica dust equated to coal dust. Judge Sellers said that the literature did not establish that *coal* dust causes lung cancer. But, according to Dr. Perper, silica dust differs from coal dust and causes much more serious lung damage. Essentially this means Dr. Perper thought Mr. Napier's working conditions, where silica dust was present, contributed more to his lung problems than Dr. Oesterling thought. Judge Sellers failed to recognize this, according to Judge Gee. Had Judge Sellers done so, he may have seen a greater connection between Dr. Perper's opinion and Mr. Napier's diseases.

And Judge Gee noted that Dr. Oesterling relied on two textbooks in support of *coal* dust exposure not causing panlobular emphysema. Dr. Perper's opinion was more credible to Judge Gee, in part because Dr. Perper referenced roughly twenty peer-reviewed articles for his conclusion—that *silica* dust *does* cause lung emphysema. Judge Gee again properly noted the distinction between the textbooks (mainly about coal dust) and the articles (mainly about silica dust).

We decline Star Fire's request that we categorically accept textbooks as more credible than peer-reviewed articles. It is not a rule that textbooks are necessarily more credible than peer-reviewed articles. Thus, for Judge Gee to weigh more heavily the articles espoused by Dr. Perper is not an abuse of discretion. Dr. Perper's reliance on many peer-reviewed articles provided substantial evidence in support of Judge Gee's decision.

---

Gee's award, even without the contradiction between Dr. Oesterling's conclusions that Judge Gee found during her search. So we do not opine on the permissibility of this searching.

What's more, Judge Gee found Dr. Perper more credible based on the preamble of the revised regulations that implement the Act. When ALJs are assessing credibility in Black Lung cases, they may look to the preamble of the revised regulations. *A & E Coal Co. v. Adams*, 694 F.3d 798, 802 (6th Cir. 2012). During the notice and comment session for the revisions, some doctors mentioned that coal dust exposure cannot cause chronic obstructive pulmonary disease (including emphysema—sufficient for collecting black lung benefits). *Id.* at 801. Instead, in the preamble to the regulations, the Department of Labor explicitly rejected this notion, emphasizing that coal dust exposure *can* cause chronic obstructive pulmonary disease. *Id.* While ALJs need not follow this preamble, they may do so when assessing credibility. *Id.* at 802. Judge Gee thus permissibly relied on the preamble in partial support for finding Dr. Oesterling less credible.

Keeping in mind our narrow scope of review and the level of deference given to an ALJ's findings, we agree with the Board that Judge Gee's factual determinations are supported by substantial evidence.

IV.

Even when an ALJ finds a mistake in a determination of fact, like Judge Gee, the ALJ must still decide whether reopening the claim would "render justice under the [A]ct." *Banks v. Chi. Grain Trimmers Ass'n*, 390 U.S. 459, 464 (1968). An ALJ should deny a modification request if granting it would not render justice. *Id.* Courts review a discretionary decision by an ALJ, such as whether justice is rendered, for abuse of discretion. *See Sharpe v. Dir., OWCP*, 495 F.3d 125, 130 (4th Cir. 2007); *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 256 (1971) (noting the broad discretion given to today's district directors and ALJs when correcting mistakes of fact).

Star Fire argues that Judge Gee did not render justice, and thus abused her discretion, because Mrs. Napier impermissibly received too many chances to request modification.

The Act incorporates a provision of the Longshore Act that allows parties to request modifications of awards (or denials) of benefits. *See* 33 U.S.C. § 922, *as incorporated into the Act by* 30 U.S.C. § 932(a). The Supreme Court has defined the scope of the modification remedy under § 922. *See O'Keeffe*, 404 U.S. at 254–56. The Court held that requests for modification under § 922 are not only for cases involving new evidence or changed circumstances. *Id.* at 255. While at one time the provision limited reopening to situations involving changed conditions, a later amendment broadened the rule, according to the Court. *Id.* "The plain import of this amendment was to vest a [Labor Department] deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely *further reflection on the evidence initially submitted*." *Id.* at 256 (emphasis added).

And when discussing 33 U.S.C. § 922 and *O'Keeffe*, this court explained that "we obviously cannot amend the statute or disregard the way the Supreme Court has interpreted [the modification remedy under § 922]." *Youghiogheny and Ohio Coal Co. v. Milliken*, 200 F.3d 942, 956 (6th Cir. 1999). "If a claimant merely alleges that the ultimate fact (disability due to pneumoconiosis) was wrongly decided," then the district director and later ALJ can entertain a request for modification. *Consol. Coal Co. v. Worrell*, 27 F.3d 227, 230 (6th Cir. 1994). This court made clear that "an ALJ has the right to reweigh the evidence when considering a timely request for modification," *Milliken*, 200 F.3d at 955, suggesting that a requester does not always need new evidence. And this court has even gone as far as saying that in Black Lung Benefits cases, a fact-finder may have an outright *duty* to reweigh factual findings and reconsider evidence. *See Jonida Trucking, Inc. v. Hunt*, 124 F.3d 739, 743 (6th Cir. 1997). Most importantly, nowhere

in § 922 or the accompanying regulations is a claimant limited to a specific number of modifications. *See* 33 U.S.C. § 922; 20 C.F.R. § 725.310.

Star Fire claims that Mrs. Napier failed to submit new evidence to Judge Gee and that Judge Gee just reweighed the evidence that Mrs. Napier presented to Judge Sellers. So, it contends, Judge Gee did not render justice when granting yet another one of Mrs. Napier's requests for modification. But as the Supreme Court and this court's precedent establishes, an ALJ in a Black Lung Benefits case is entitled to do that. And as long as the requesting party shows "a mistake in a determination of fact," the relevant regulation permits modifications of awards and denials "*regardless of whether the parties have submitted new evidence.*" 20 C.F.R. § 725.310(c) (emphasis added).

What's more, the Department of Labor prefers "accuracy over finality" in the ultimate award. *Old Ben Coal Co. v. Dir., OWCP*, 292 F.3d 533, 541 (7th Cir. 2002). District directors and ALJs presumably "exercise . . . discretion intelligently, and in a manner that will bring an appropriate level of finality to black lung benefits decisions." *Milliken*, 200 F.3d at 956. We must generally presume that ALJs cut off requests once they become baseless. *Id.* Two of Mrs. Napier's requests included new evidence. It is not as if she always requested modification without new evidence, frivolously asking for a mere reweighing of evidence four times.

Judge Gee correctly found that granting the request for modification rendered justice under the Act. First, she highlighted this need for accuracy. And she recognized that Mrs. Napier was not litigious in her requests for modification, despite the number of attempts. Lastly, because substantial evidence showed that Mr. Napier's working conditions caused his death, Judge Gee found that the modification request was not futile. *See Sharpe*, 495 F.3d at 128 (citing these factors when assessing justice under the Act).

For these reasons, Judge Gee could reweigh the evidence already submitted, even without new evidence. She therefore rendered justice under the Act by granting the fourth request for modification.[2]

V.

We realize that the result in this case presents what appears to be an incongruity. On the one hand, Star Fire has forfeited at least two arguments, including what may well be a meritorious argument under the Appointments Clause. On the other hand, Mrs. Napier was permitted to request modification at least four times both by asking for nothing more than a reweighing of the evidence and also by presenting new evidence (though not necessarily evidence that wasn't available to her the first time). And, in the end, she found an ALJ willing to credit her claims—albeit backed by substantial evidence as we detail above. But this is what the law requires here. In our recent *Bryan* decision, we found the Appointments Clause argument waived by both an individual claimant and an employer. In addition, the Government concedes here that an employer is equally permitted under the statute and the regulations to request subsequent modifications of initial awards. *See* 33 U.S.C. § 922; 20 C.F.R. § 725.310(a), (e)(6). At the end of the day, as we have said before, we trust district directors and ALJs, in the first instance, to police possible abuses of the modification procedure. *Milliken*, 200 F.3d at 956.

For all of these reasons, Star Fire's petition for review is DENIED.

---

[2] Star Fire also argues that Mrs. Napier filed the second, third, and fourth requests for modification too late. It reads § 922 to limit any request to one year after the first denial of benefits. We do not opine on this question because Star Fire forfeited this argument by failing to raise it with the Board during its opening brief. A.R. at 91–111, Employer's Pet. for Review and Br., Feb. 27, 2017; s*ee Bryan,* 937 F.3d at 750 (citing this court's "decades-long [issue-exhaustion] precedent" when holding that parties must raise specific issues with the Board to preserve them for judicial review).